■ In the Matter of NORTH SHORE UNIVERSITY HOSPITAL, as Attorney in Fact for WINIFRED LANHAM, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review

a determination of respondent State Commissioner of Social Services dated August 8, 1978 and made after a statutory fair hearing, which affirmed a determination of the local agency denying the application of petitioner's former patient for medical assistance. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remanded to the respondents for further proceedings not inconsistent herewith. We find that Winifred Lanham, petitioner's former patient, presented sufficient evidence to rebut the presumption that the real property she transferred within two days of filing her initial application for medical assistance in March 1977 was for the purpose of qualifying for medical assistance (see Social Services Law, § 366, subd [1], par [e]; 18 NYCRR 360.8). The "transfer" of the property involved consisted of a change from individual joint ownership by Mrs. Lanham and her husband to ownership by Linwood-Harbor Corporation in which the Lanhams were the sole principals. While title to the property was "transferred", the Lanhams continued to receive the same benefits therefrom. Therefore, it cannot be said that the change in ownership constituted a "transfer" for the purposes of qualifying for medical assistance. To the extent that the State commissioner's determination relies on the fact that information concerning the amount of income derived from the property and the corporation involved was not provided by Lanham, she relied in error. A determination denying medical assistance upon a ground not set forth in the notice of denial and not in issue at the fair hearing cannot be sustained (cf. *Matter of Simmons v Van Alstyne,* 65 AD2d 869, 871). fair hearing indicate that the only basis for ineligibility was the alleged The agency's notice of noneligibility and the evidence introduced at the transfer of the real property. Therefore, the matter is remanded for a recalculation of the income and resources available to Mrs. Lanham to determine her eligibility. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.