In the Matter of DAWN MALLIA, Petitioner, v ARTHUR WEBB, as Acting Commissioner of New York State Department of Social Services, et al., Respondents. (Proceeding No. 1.)

In the Matter of DAWN MALLIA, Petitioner, v CESAR A. PERALES, as Commissioner of New York State Department of Social Services, et al., Respondents. (Proceeding No. 2.)

Third Department, November 1, 1984

560

APPEARANCES OF COUNSEL

*Anthony Pisano* for petitioner.

*Robert Abrams, Attorney-General* (*Clifford A. Royael* and *William J. Kogan* of counsel), for Arthur Webb and another, respondents.

### OPINION OF THE COURT

MAIN, J.

In these proceedings, which have been transferred to this court pursuant to CPLR 7804 (subd [g]), petitioner challenges respondents' determinations denying or discontinuing her receipt of certain public assistance. In November, 1981, petitioner, whose husband had previously abandoned her without providing any means for her support, was living in Albany County with her two minor children and was accepted into the Aid to Dependent Children (ADC) program by the Albany County Department of Social Services (Albany DSS). In December, 1981, petitioner received approximately $20,000 from the sale of the marital residence, but this money was assigned to petitioner's mother, ostensibly in satisfaction of various loans made to provide petitioner with means of support. At about this time,

petitioner moved to Schenectady County and, by written notice dated January 27, 1982, she was advised by Albany DSS that her ADC benefits would be discontinued effective February 5, 1982 because of her move outside the county* (see Social Services Law, § 62, subd 5, par [a]; 18 NYCRR 311.3 [a] [1]). Accordingly, petitioner's benefits through Albany DSS were discontinued on January 31, 1982.

On February 1, 1982, petitioner applied for ADC benefits through the Schenectady County Department of Social Services (Schenectady DSS), which denied the application because petitioner failed to use the proceeds from the house sale to reduce her need for public assistance (18 NYCRR 352.23 [a]) and failed to provide adequate documentation of the use of money received from her mother in November, 1981 (18 NYCRR 351.1 [b] [2]). Following these determinations, a fair hearing was held at petitioner's request and by decision dated July 19, 1982, respondent Commissioner of the State Department of Social Services (commissioner) concluded that the determinations of the Albany and Schenectady departments were correct. Proceeding No. 1 was commenced to challenge this determination.

Meanwhile, petitioner had been receiving food stamps through Schenectady DSS. By notice dated September 14, 1982, petitioner was informed that her authorization for food stamps would be discontinued because, pursuant to the July 19, 1982 fair hearing decision, petitioner had resources available which were not being used and which placed her above the amount necessary to be eligible for food stamps. After a fair hearing was requested and held, respondent Commissioner determined that petitioner failed to introduce any evidence to warrant changing the previous fair hearing decision that she failed to utilize available resources to reduce her need for public assistance. Accordingly, respondent Commissioner determined that Schenectady DSS was correct to discontinue petitioner's food stamps and to recover certain amounts erroneously paid. Petitioner's challenge to this determination is now before this court in proceeding No. 2.

---

* A notice of intent to discontinue petitioner's ADC benefits for other reasons, dated January 18, 1982, was withdrawn and is not at issue in these proceedings.

■ Initially, it is not disputed that petitioner moved from Albany County to Schenectady County in December, 1981. Thus, pursuant to section 62 (subd 5, par [a]) of the Social Services Law and 18 NYCRR 311.3 (a) (1), Albany DSS had authority to discontinue petitioner as an ADC recipient. It is evident, though, that this discontinuance should have taken effect on February 5, 1982, the date indicated for discontinuance on the Albany DSS notice of intent to discontinue and 10 days after January 27, 1982, the date of said notice (see 18 NYCRR 358.8 [a] [1]). Thus, it was improper for petitioner's ADC through Albany DSS to have been discontinued on January 31, 1982. We disagree, however, with petitioner's claims that her due process rights were denied because she and her attorney failed to receive this notice. There is simply no requirement that a public assistance recipient's attorney receive notice of the intent to discontinue. Furthermore, the testimony at the fair hearing that the notice was properly mailed and not returned, that petitioner was not having trouble receiving her mail, and that petitioner applied to Schenectady DSS on February 1, 1982, shortly after she would have received the notice, refutes petitioner's contention in this regard (see 18 NYCRR 358.8 [a] [1]).

■ We next conclude that there is substantial evidence to support respondent Commissioner's determination sustaining the denial by Schenectady DSS of petitioner's application for ADC benefits. Petitioner had the burden of proving her eligibility for public assistance, as well as providing accurate, current and complete information about her needs and resources (see Matter of Hopkins v Blum, 87 AD2d 613, 614, affd 58 NY2d 1011; 18 NYCRR 351.1 [b] [2] [i]). A review of the record reveals that the testimony of petitioner and her mother concerning the circumstances surrounding the loans to petitioner from her mother and the assignment to petitioner's mother of the proceeds from the sale of the marital residence was confusing, contradictory and incomplete. For example, there was no documentation, except through petitioner's mother's memory, of the amount of money loaned; there was no explanation from petitioner's mother, who was steadfast in her refusal to explain what she did with this money, as to

what happened to the proceeds; and there was no verification that the funds assigned to petitioner's mother were not available to petitioner.. Thus, it was within respondent Commissioner's authority not to credit the self-serving testimony of petitioner and her mother (see, e.g., *Matter of Donato v Wyman,* 32 AD2d 1061, 1062) and his determination on this matter can be confirmed. We further find no merit to petitioner's contention that her alleged misconduct should not serve to deprive her children of needed public assistance. Petitioner's denial was not for misconduct but because she failed to prove that the proceeds allegedly assigned to her mother and other funds were not available to her and her family, that she had utilized all available resources (18 NYCRR 352.23 [a]), and that there was sufficient financial need to qualify for ADC benefits.

■ Finally, respondent Commissioner's determination sustaining discontinuance of petitioner's participation in the food stamp program by Schenectady DSS is supported by substantial evidence. In reaching this result, respondent Commissioner did not err in relying on the prior administrative determination that certain funds, such as the afore-mentioned proceeds from the sale of petitioner's marital residence, were not proven to be unavailable to petitioner. The Court of Appeals has held that an administrative proceeding can be given *res judicata* effect in a later proceeding under appropriate circumstances (*Ryan v New York Tel. Co.,* 62 NY2d 494, 499-502; *Matter of Venes v Community School Bd.,* 43 NY2d 520, 524). In this case, the administrative agencies were identical, the primary issue, i.e., whether certain funds were available to petitioner in determining her public assistance eligibility, was the same, and the first fair hearing provided petitioner with a full and fair opportunity to litigate the relevant issues. These factors make it appropriate for respondent Commissioner to have invoked *res judicata* (see *Ryan v New York Tel. Co., supra; Matter of Newsday, Inc. v Ross,* 80 AD2d 1, 6), especially in light of the fact that at the fair hearing on the food stamp discontinuance, petitioner offered no new evidence to show that the first determination concerning the availability of the funds was erroneous. Accordingly, respondent Commissioner's determination on this matter must be upheld.

MAHONEY, P. J., KANE, MIKOLL and LEVINE, JJ., concur.

Determination in proceeding No. 1 modified, without costs, by annulling so much thereof as discontinued petitioner's ADC benefits on January 31, 1982 and by awarding petitioner ADC benefits from January 31, 1982 to February 5, 1982, and, as so modified, confirmed.

Determination in proceeding No. 2 confirmed, and petition dismissed, without costs.