■ In the Matter of ZACOE RUBIN, Individually and on Behalf of Her Three Minor Children, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Sullivan County) to review a determination of respondent State Commissioner of Social Services which denied petitioner's application for Aid to Dependent Children benefits.

In October 1983, petitioner applied for Aid to Dependent Children assistance (ADC) for herself and her three children, then ages 1, 4 and 10. A short time prior to her application, petitioner and her husband had separated. At the time of her application, petitioner was requested to submit proof of her income and resources (see, 18 NYCRR 351.1, 351.5 [a]). When 30 days had elapsed from the date of her application and petitioner had failed to submit the evidence requested to establish eligibility, her application was denied (see, 18 NYCRR 351.8 [b]). Petitioner filed for a fair hearing (18 NYCRR 358.5), and when the initial determination was upheld, she commenced the instant CPLR article 78 proceeding. The proceeding was transferred to this court by Special Term for resolution of the issue of substantial evidence.

The record reveals that petitioner was the owner of real property which generated rental income. She had also operated a second-hand clothing store which she claimed to have discontinued. Petitioner and her husband owned a home in which neither individual resided. Petitioner did not supply the Sullivan County Department of Social Services (Department) with specifics as to liquid assets, but she always had cash on hand available in amounts ranging from $100 to $300 at the time of her contacts with the Department. Petitioner's children were placed in foster care and their needs have been provided for in that manner.

Petitioner has refused to facilitate the processing of her application for assistance as she is required to do (Matter of Mallia v Webb, 103 AD2d 559, 562; Matter of Hopkins v Blum, 87 AD2d 613, 614, affd 58 NY2d 1011; see, 18 NYCRR 351.1 [b] [2]; 351.5 [a]). The record reveals that petitioner would not provide tax returns or other valid means of determining her

net income from rentals and the operation of her clothing business. Petitioner also refused to sign assignment forms which would have permitted the Department to recoup part or all of the amount of aid paid from the proceeds of the sale of real estate which she held. Further, she would not sign an authorization for the Department to recover, on behalf of the children, support payments from her husband *(see,* Social Services Law § 349-b). Petitioner's only attempt at compliance was to present a morass of bills and receipts which had no structure or apparent applicability to determining the current needs of her and her children.

Petitioner applied for ADC on October 28, 1983. Her children were placed in foster care from November 3-15, 1983 and voluntarily since April 18, 1984. In its attempts at verifying petitioner's application, the Department established that she always had food and lodging as well as cash on hand. There is substantial evidence in the record to support the finding that the Department informed petitioner of her obligation to "provide accurate, complete and current information on [her] needs and resources" (18 NYCRR 351.1 [b] [2]), and that she declined to comply with those requirements. Thus, her application was properly denied *(cf. Matter of Hopkins v Blum, supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Yesawich, Jr., and Harvey, JJ., concur.