OPINION OF THE COURT
William A. Walsh, Jr., J.
In this CPLR article 78 proceeding, petitioner seeks judgment directing respondent to obtain emergency housing for petitioner within her home community until a suitable dwelling is found at a monthly rental at or below the maximum shelter allowance provided for in the Social Services Law.
The court has been informed by the Westchester County Attorney’s office that petitioner has been placed in hotels *132 within 10 miles of Westchester County. Apparently, she had been denied emergency shelter on July 1, 1986 until she consented to a psychiatric examination. This court ordered emergency housing pending determination of the proceeding.
Petitioner agreed to submit to examination on July 3, 1986, July 23, 1986 and July 24, 1986. It was determined that petitioner was not a danger to herself or others and hospitalization was not indicated. A plan was agreed upon by petitioner and her counsel whereby treatment would be given petitioner by a physician selected by her attorney and, as a result, petitioner would be placed in a hotel.
Although respondent did provide petitioner with temporary shelter, it was arbitrary and capricious to condition providing such shelter upon petitioner’s agreeing to submit to psychiatric examination. There is no such eligibility condition provided for in any rule or statute promulgated under the Social Services Law.
The Department of Social Services administrative memorandum No. 578, approved January 24, 1984, provides for emergency housing assistance for eligible persons. Eligibility determinations must be made based upon information as to the applicant’s identity, income, resources, including the ability to be housed by friends or relatives, and a representation that the applicant is a lawful resident of the United States. It is also provided that a homeless person must be given written notice of any determination of ineligibility for temporary housing assistance. Further, an administrative directive of the Department of Social Services (83 ADM-47) requires that a person declared ineligible for emergency housing assistance must be advised of the right to an expedited fair hearing. The required notice and advice were not given petitioner.
In view of the violations of procedural due process as hereinabove recited, petitioner is entitled to at least nominal damages in the absence of proof of actual injury (Carey v Piphus, 435 US 247).
CPLR 7806 provides for the granting of damages to petitioner which are incidental to the primary relief sought in this proceeding.
There is to be a pretrial conference on the issue of damages on October 15, 1986, at 9:30 a.m., in room 1602, County Courthouse, White Plains, New York. Petitioner’s attorney is to serve a copy of this order on respondent within 10 days of *133 entry and file proof of such service at the time of the conference.