In the Matter of Dorothea S. Badenhausen, on Behalf of Joann Spatafora, Appellant, v New York State Department of Social Services et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Duskas, J.),

entered June 2, 1988 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the State Commissioner of Social Services denying medical assistance benefits to Joann Spatafora.

Petitioner applied for medical assistance (Medicaid) benefits on behalf of Joann Spatafora in March 1987. Respondent St. Lawrence County Department of Social Services (hereinafter the County), at an application interview and in a subsequent letter, requested information and documentation relating to, *inter alia,* the value of Spatafora's 1974 pickup truck and of her one-third interest in Freudenmont Meadows, Inc., which she had recently transferred to petitioner and Otto Badenhausen, petitioner's brother. Spatafora's attorney responded by letter, stating that the 13-year-old pickup had "over 65,000 miles on it", was of no value and was available for the County's inspection. He further explained that "Freudenmont Meadows was [Spatafora's] residence" and therefore her interest in the corporation must be considered an exempt resource when calculating her Medicaid eligibility; he relied upon 18 NYCRR 360.5 (a) (1) (i); (2) (i) and *Matter of North Shore Univ. Hosp. v D'Elia* (79 AD2d 605). The County denied petitioner's application for failure to submit the requested information. Petitioner sought administrative review, and at the fair hearing held by respondent State Department of Social Services (hereinafter DSS), while maintaining that the above-mentioned information was irrelevant, made an additional argument for eligibility, viz., that Spatafora had conveyed her shares in the corporation in satisfaction of a debt in excess of $95,000 owed to her partnership with petitioner as a result of advances the partnership had made for Spatafora's medical treatment. DSS, finding no good cause for withholding the requested information, affirmed the County's determination, prompting this proceeding.

DSS regulations require verification of "[a]ll available resources" (18 NYCRR 360.4 [c]) and place responsibility for reporting "all facts necessary for a proper determination of eligibility" upon the applicant or his or her representative (18 NYCRR 360.1 [e] [2]). Failure to provide requested information necessary to determine an applicant's eligibility justifies denying a Medicaid application *(see, Matter of Rubin v Perales,* 115 AD2d 798; *Matter of Hopkins v Blum,* 87 AD2d 613, 614, *affd* 58 NY2d 1011). Petitioner's assertion that Spatafora's corporate holdings were an exempt homestead and that her pickup truck is valueless simply cannot be determined on the infor-

mation so far submitted (indeed, the full extent of the subject corporation's assets is shrouded in ambiguity). Furthermore, it is not for petitioner's counsel to make those determinations; nor can counsel dictate the means by which the County shall value those assets.

Petitioner's reliance upon *Wiszniewski v New York State Dept. of Social Servs.* (140 AD2d 952) is misplaced. At issue there was whether the applicant, who was then in a nursing home, was incapable of ever returning to her home and therefore eligible for the homestead exemption *(supra,* at 953). In that instance the burden of proof was upon DSS *(supra).* Here the question is not who has the burden of proof, but did the applicant fail to furnish complete information relative to eligibility *(see, Matter of Gilbert v Blum,* 90 AD2d 288, 290, *appeal dismissed* 59 NY2d 760). There is quite sufficient evidence to support DSS' determination that petitioner failed in that respect.

We do not reach the question of whether an exempt homestead may be held as shares of a corporation.

Lastly, petitioner's application for counsel fees is patently without merit *(see, Matter of Shields v Blum,* 80 AD2d 668, 669, *appeal dismissed* 53 NY2d 937).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.