■ In the Matter of GARDEN CITY CENTER ASSOCIATES, Appellant, v INCORPORATED VILLAGE OF GARDEN CITY, Respondent. [598 NYS2d 62] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Incorporated Village of Garden City to purchase a certain parcel of real property to convert to a public parking lot, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered March 11, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

It is well settled that a CPLR article 78 proceeding is not the proper vehicle to challenge legislative acts of a governmental entity *(see, Bryant Ave. Tenants' Assn. v Koch,* 71 NY2d 856; *Jones v Beame,* 45 NY2d 402; *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400, 407). Thus, the Supreme Court properly dismissed the petition seeking to compel the respondent, the Incorporated Village of Garden City, to purchase a certain parcel of real property to convert to municipal parking. The acquisition of real property involves judgments, including fiscal appropriations, which must be left to the executive branch *(cf., Matter of Town of Mentz v Department of Transp.,* 106 AD2d 870).

Moreover, the Supreme Court did not err in failing to convert the petition to a declaratory judgment action. Although CPLR 103 (c) gives the courts the power to treat a CPLR article 78 proceeding as an action for a declaratory judgment, this power is conditioned on the court's jurisdiction over the necessary parties. In an action seeking to declare a legislative act of a village invalid, the Board of Trustees of the Village would be necessary parties *(see, Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458; *cf., Matter of Watt v Town of Gaines,* 140 AD2d 947; *but cf., Goldwin-Kent, Inc. v County of Broome,* 107 Misc 2d 722, 725). Therefore, in the

instant proceeding CPLR 103 (c) is not available, since the Village Trustees are not parties to this proceeding.

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Balletta and Lawrence, JJ., concur.