(December 8, 1994)

■ In the Matter of JAMES R. LIEBERMAN, Appellant, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [619 NYS2d 868] —Crew III, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered January 28, 1992 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of

respondents denying petitioner's request for emergency assistance benefits.

On or about March 25, 1991, petitioner applied to the Delaware County Department of Social Services (hereinafter DSS) for emergency assistance (see, Social Services Law §§ 300-309) to prevent a utility shut-off. DSS thereafter requested that petitioner provide certain documentation regarding his available income and financial resources, including information concerning various Uniform Gifts to Minors Act (hereinafter UGMA) accounts purportedly established for the benefit of petitioner's children. Petitioner declined to provide the requested information and DSS denied his request for benefits on this basis.

At the administrative hearing that followed, DSS' director of income maintenance testified that DSS was in possession of certain information, including documentation obtained through bank inquiries, which suggested that petitioner had access to the UGMA accounts and was making withdrawals for his personal use. Petitioner conceded that he had unlimited access to the UGMA accounts and that he had withdrawn funds from them, but contended that he was acting in his capacity as custodian of the accounts. The denial of petitioner's application for emergency assistance was upheld on administrative review, and petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondents' determination in this regard. Supreme Court dismissed the petition finding, inter alia, that DSS was entitled to information regarding the UGMA accounts and that petitioner's failure to provide such information effectively precluded respondents from determining petitioner's eligibility for emergency assistance. This appeal by petitioner followed.

We affirm. In view of the information possessed by DSS regarding petitioner's access to the UGMA accounts, it is apparent that DSS was entitled to request additional documentation in order to determine petitioner's true income and resources and, in turn, his eligibility for emergency assistance (see, Social Services Law § 134-a [1]). Although petitioner contended that the UGMA accounts were entirely proper and that he was not using proceeds from such accounts to meet his own personal needs, DSS was not obligated to simply accept petitioner's conclusory representations in this regard, and petitioner's refusal to provide information that clearly was relevant in determining his eligibility for emergency assistance justified the denial of his application (cf., Matter of

*Badenhausen v New York State Dept. of Social Servs.,* 151 AD2d 913, 914). Accordingly, Supreme Court's dismissal of the petition was in all respects proper.*

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* As a final matter, we note that petitioner's submission of a fair hearing determination dated May 4, 1994, which relates to a subsequent application for emergency assistance, in no way affects the determination under review here. A review of the May 4, 1994 determination reveals that in conjunction with a subsequent application for emergency assistance, petitioner provided certain information regarding the UGMA accounts and DSS concluded, based upon the information provided, that the funds in such accounts were not available to petitioner to meet his personal needs. DSS also concluded that no additional documentation was required except with respect to recent withdrawals from the accounts. Contrary to petitioner's assertion, the fact that he ultimately provided certain information regarding the UGMA accounts and that his then-pending application for emergency assistance was resolved in his favor does not mean that DSS erred in denying his March 25, 1991 application.