■ In the Matter of DAVID M. IRWIN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [648 NYS2d 789] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent State Department of Social Services which, *inter alia*, discontinued petitioner's emergency home relief benefits.

On November 3, 1994, petitioner applied to respondent Clinton County Department of Social Services (hereinafter DSS) for home relief benefits. He was provided with temporary housing under the emergency home relief program pursuant to 18 NYCRR 370.3 (b) during the 45-day period preceding the determination of his eligibility for participation in the home relief program (*see*, 18 NYCRR 351.8 [b]). Petitioner had previously been a client of the St. Lawrence County Department of Social Services and petitioner's file at that agency disclosed that petitioner suffers from a probable mental illness, a condition which could render him eligible for supplemental security income (hereinafter SSI). This information obligated DSS to make an initial determination regarding petitioner's eligibility for SSI because it might obviate his need to participate in the home relief program (*see*, Social Services Law § 158 [a]; 18 NYCRR 370.2 [c] [5] [ii]). DSS directed petitioner to schedule an appointment for a mental health evaluation with the Office of Mental Health. When petitioner failed to do so, he was notified that his emergency housing benefits would be canceled, effective December 17, 1994, the last day of the 45-day interim period. An administrative hearing was held at petitioner's request in February 1995, resulting in a determination discontinuing petitioner's emergency home relief benefits. Petitioner challenges that determination in the instant CPLR article 78 proceeding.

The determination was based upon substantial evidence and must be confirmed. It is uncontested that petitioner refused to undergo a mental health evaluation, a prerequisite to a determination of his eligibility for SSI benefits. Petitioner cites *Matter of Wilson v Westchester County Dept. of Social Servs.* (133

Misc 2d 131) as authority for his position that he cannot be required to submit to a mental health evaluation as a condition for emergency home relief eligibility. Notably, that decision was clearly premised on the court's finding that there was no statute or rule then existing that imposed such a condition. Respondents maintain, however, that regulations promulgated after the issuance of that decision *do* provide for such an eligibility condition. Specifically, they point to rules which condition the grant of home relief assistance on an applicant's cooperation with the SSI eligibility determination process (*see*, 18 NYCRR 370.2 [c] [5] [ii]) and preclude social services districts from authorizing emergency home relief to applicants who are disqualified from receiving recurring assistance (*see*, 18 NYCRR 370.3 [b] [4]).

Under the circumstances here, we cannot say that DSS improperly deemed petitioner's refusal to submit to a mental evaluation to be a failure to "cooperate with the SSI eligibility determination process" (18 NYCRR 370.2 [c] [5] [ii]), which disqualified him from receiving a grant of recurring home relief assistance (*see*, Social Services Law § 158 [a]; 18 NYCRR 370.2 [c] [5] [ii]; *cf.*, *Matter of Lieberman v Perales*, 210 AD2d 593, 594, *lv denied* 85 NY2d 802) and justified the determination discontinuing his emergency home relief assistance.

Mercure, Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.