In the Matter of EILEEN CASTRO, Appellant, v BRIAN WING et al., Respondents. [704 NYS2d 120] —Proceeding pursuant to CPLR article 78 to review, as limited by the petitioner's brief, so much of a determination of the New York State Office of Temporary and Disability Assistance, dated February 13, 1998, as, after a hearing, adopted a determination of the Suffolk County Department of Social Services, dated December 23, 1997, to deny the petitioner's application for public assistance and food stamp benefits on the ground that she had failed to appear at a scheduled front end detection system interview, without good cause.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner failed to appear at a scheduled front end detection system (hereinafter FEDS) review despite having received two notices of the scheduled appointment. Thereafter, the petitioner was notified by the local agency that her application for public assistance was denied based on her failure to

keep the appointment. At the fair hearing, the petitioner contended that she did not attend the appointment because the case worker had told her that she did not need to return to the agency if she mailed in a copy of the title to her car. The petitioner brought a copy of the title to the agency and contends that she never looked at the notices regarding the FEDS review.

Public assistance may be denied "if the applicant refuses to comply with any requirement essential to the determination of eligibility" (18 NYCRR 351.8 [a] [2] [ii]). The FEDS review was a requisite condition of eligibility, and the petitioner failed to demonstrate good cause for her failure to appear. Accordingly, the determination is supported by substantial evidence.

The petitioner's remaining contentions are without merit. Sullivan, J. P., Krausman and Feuerstein, JJ., concur.

H. Miller, J., dissents and votes to grant the petition and annul so much of the determination as confirmed the denial of public assistance and food stamp benefits to the petitioner as a result of her failure to attend a front end detection system interview with the following memorandum: The petitioner and her three daughters received public assistance while residents of Nassau County. On November 20, 1997, after the family moved from Nassau County to Suffolk County, the petitioner applied to the Suffolk County Department of Social Services (hereinafter SCDSS) for public assistance, moving expense assistance, and food stamps. On November 27, 1997, the petitioner signed numerous documents, including two notices advising her that she was to attend a front end detection system (hereinafter FEDS) review on December 10, 1997. The petitioner failed to attend the review and on December 23, 1997, the SCDSS notified her that her application for benefits was denied.

At a fair hearing, the petitioner testified that on November 25, 1997, she was told by a case worker during an interview that she need not return to the SCDSS office if she mailed in a copy of the title to her car. The petitioner did, however, return to the SCDSS offices to provide various documents after November 25, 1997. Between November 20 and December 10, 1997, the petitioner went to the SCDSS offices no less than five times in connection with her application. The SCDSS presented no witnesses to contradict the petitioner's testimony. The unsworn memorandum from the petitioner's case worker fails to refute the petitioner's claim that she was not advised that she had to attend the FEDS interview.

The FEDS review process was established by the Legislature

in 1992 as a fraud-prevention measure (*see,* Social Services Law § 134-b), and not as a bar to the processing of public assistance applications. Neither the statute nor the regulations enacted pursuant thereto provide that one missed appointment precludes further processing of an application for benefits. The respondents' reliance on 18 NYCRR 351.8 (a) (2) (ii), which provides that public assistance may be denied "if the applicant refuses to comply with any requirement essential to the determination of eligibility," is misplaced, since SCDSS offered no evidence that the petitioner refused to attend the FEDS review. The burden of showing that a recipient is not eligible for benefits is upon the respondents (*see, Allen v Blum,* 85 AD2d 228, *affd* 58 NY2d 954; *Matter of Simmons v Van Alstyne,* 65 AD2d 869). Under 18 NYCRR 351.8, the respondents were required to present substantial evidence that the petitioner refused to attend the FEDS review. They failed to do so. Accordingly, the determination should be annulled (*see, Matter of Kassler v Wing,* 239 AD2d 583).