■ In the Matter of BOARD OF EDUCATION OF GLEN COVE CITY SCHOOL DISTRICT et al., Respondents, v CHARLES O'SHEA et al., Appellants, et al., Respondent. [757 NYS2d 604] —In a proceeding pursuant to CPLR article 78 which was converted to an action for a judgment declaring that the current system of taxing the residents of the City of Glen Cove is arbitrary, capricious, and illegal, Charles O'Shea, as Chairman of the Nassau County Board of Assessors, and the Nassau County Legislature appeal, as limited by their brief, from (1) so much of a judgment of the Supreme Court, Nassau County (McCabe, J.), entered August 30, 2001, as converted the proceeding to an action for a declaratory judgment, declared that the current system of taxing the residents of the City of Glen Cove is arbitrary, capricious, and illegal, and directed Charles O'Shea, as Chairman of the Nassau County Board of Assessors, and the Nassau County Legislature to remove certain taxes from the residents' tax bills, and (2) so much of an order of the same court, entered January 30, 2002, as, upon reargument, adhered to the original determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed, without prejudice to the petitioners commencing a declaratory judgment action against the appropriate parties; and it is further,

Ordered that the appeal from the order is dismissed, without costs or disbursements, in light of the determination of the appeal from the judgment.

Pursuant to Nassau County Administrative Code § 6-26.0 (hereinafter NCAC), the County of Nassau pays for tax refunds arising out of errors in its real property assessment roll and recoups those refunds as a County charge, which is passed along to the County residents as part of their County taxes. Since the City of Glen Cove (hereinafter Glen Cove) does not use the County assessment roll for the purpose of imposing city and school district taxes, the County is not liable for the tax refunds arising out of errors in the Glen Cove assessment roll. Nevertheless, the residents of Glen Cove must pay the

County charges, including the amount attributable to the tax refunds that the County pays on behalf of the other tax districts.

In 1999, the Board of Education of the Glen Cove City School District and seven individual taxpayers commenced this proceeding pursuant to CPLR article 78 against Charles O'Shea, as Chairman of the Nassau County Board of Assessors, the Nassau County Treasurer, and the Nassau County Legislature, seeking a judgment declaring that the current system of taxing the residents of Glen Cove is arbitrary, capricious, and illegal. In essence, the petitioners claimed that NCAC § 6-26.0, as applied to the residents of Glen Cove, unfairly required them to pay County taxes for a service (i.e., the County's refund guarantee) they did not receive.

Although CPLR 103 (c) gives the court the power to convert a proceeding pursuant to CPLR article 78 into a declaratory judgment action, this power is conditioned on jurisdiction over the parties. In this instance, the County is a necessary party to afford the petitioners the full relief that they seek. Thus, CPLR 103 (c) is not available and the Supreme Court should have dismissed the petition pursuant to CPLR 1003, without prejudice to the petitioners commencing a declaratory judgment action against the appropriate parties (*see Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 458 [1971]; *Matter of Garden City Ctr. Assoc. v Incorporated Vil. of Garden City,* 193 AD2d 740 [1993]; *Jensen v Village of Old Westbury,* 160 AD2d 768 [1990]).

The appellants' remaining contentions need not be addressed in light of our determination. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.