■ In the Matter of EDWARD DALLAS, Petitioner, v ROBERT DOAR, as Commissioner of the New York State Office of Temporary and Disability Assistance, Respondent. [846 NYS2d 216]—

Proceeding pursuant to CPLR article 78 to review a determination of Robert Doar, as Commissioner of the New York State Office of Temporary and Disability Assistance, dated January 27, 2006, which, after a fair hearing, affirmed a determination of the Nassau County Department of Social Services denying the petitioner's application for public assistance, food stamps, and medical assistance. The Supreme Court, Nassau County

(LaMarca, J.), by order entered October 23, 2006, denied the relief requested in the second, third, fifth, and sixth causes of action of the petition, and denied the relief requested in the first and fourth causes of action except to the extent that they raised a substantial evidence issue, and transferred the substantial evidence issue to this Court.

Ordered that the order entered October 23, 2006 is vacated, on the law, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Having determined that the petition raises a substantial evidence question, and since there were no objections raised that could have terminated the entire proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court without deciding the merits of the petitioner's remaining points (*see Matter of Royster v Goord,* 26 AD3d 503, 505 [2006]; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]). Since the record is now before us, we will treat the proceeding as if it had been properly transferred here in its entirety and review the matter de novo (*see Matter of Royster v Goord,* 26 AD3d at 505; *Matter of Sureway Towing, Inc. v Martinez,* 8 AD3d 490 [2004]).

Following a fair hearing, the respondent affirmed the determination of the Nassau County Department of Social Services (hereinafter NCDSS) denying the petitioner's application for public assistance, food stamps, and medical assistance on the ground that the petitioner failed to submit a form required to verify drug treatment and ability to work. Contrary to the petitioner's contention, the record contains substantial evidence from which the respondent could rationally conclude that the petitioner received and failed to return the form required to verify his eligibility for benefits and did not demonstrate good cause for his failure to do so. Thus, the petitioner's application was properly denied (*see Matter of Castro v Wing,* 270 AD2d 257, 258 [2000]; *Matter of Rodriguez v Wing,* 251 AD2d 335, 336 [1998]).

Contrary to the petitioner's contention, the record indicates that the respondent affirmed the denial of his application on the same ground as NCDSS denied the application, namely, his failure to supply the requested information (*cf. Matter of North Shore Univ. Hosp. v D'Elia,* 79 AD2d 605, 606 [1980]). Additionally, the record indicates that NCDSS complied with applicable federal procedural requirements in denying the petitioner's application for food stamps.

The petitioner's remaining contentions are without merit or not properly before this Court. Crane, J.P., Goldstein, Florio and Dillon, JJ., concur.