In the Matter of Dolores Bush, Appellant, v Gerard Mulligan et al., Respondents. [858 NYS2d 249]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Planning dated February 7, 2006, which, after a hearing, confirmed the termination of the petitioner's participation in the Section 8 Rental Housing Choice Voucher Program (*see* 42 USC § 1437f [b] [1]), the petitioner appeals from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered November 8, 2006, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed, without costs or disbursements, and the judgment entered November 8, 2006 is vacated; and it is further,

Adjudged that the petition is granted, on the law, the determination is annulled, and the matter is remitted to the respondents to reinstate the petitioner in the Section 8 Rental Housing Choice Voucher Program retroactive to February 7, 2006; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

Since the petitioner raises the question of whether the challenged determination is supported by substantial evidence, and since there were no objections raised that could have terminated the entire proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court without deciding the merits of the petition (*see Matter of Dallas v Doar,* 45 AD3d 592, 593 [2007]; *Matter of Royster v Goord,* 26 AD3d 503, 505 [2006]). Since the record is now before us, we will treat the proceeding as if it had been properly transferred here in its entirety, and review the petition as if it had been initially considered by this Court (*see Matter of Dallas*

*v Doar,* 45 AD3d at 593; *Matter of Royster v Goord,* 26 AD3d at 505).

The petitioner is 69 years old. In 1984 she was granted a "Section 8 certificate" pursuant to section 8 of the United States Housing Act of 1937 (42 USC § 1437f; hereinafter Section 8). The Section 8 Rental Assistance program, including the Section 8 Rental Housing Choice Voucher Program (hereinafter collectively the Section 8 Program), was established to provide rental subsidies to lower income families in order that they may obtain private-sector housing. As a recipient of Section 8 benefits, the petitioner was required to recertify for the Section 8 Program annually. As part of the recertification process, the petitioner was required to advise the Westchester County Department of Planning (hereinafter the Department) of any change of income or assets within 30 days, and to pay her portion of the rent in a timely manner.

In July 2004 the petitioner began to receive Social Security benefits, but she did not report this source of income to the Department until her recertification interview in February 2005.

On August 23, 2005 the Department advised the petitioner and her landlord that the petitioner would be terminated from the Section 8 Program, effective September 30, 2005, for intentionally failing to supply truthful and complete information about her income and/or for the commission of fraud in connection with her unreported receipt of Social Security benefits.

The petitioner requested a stay of the termination of her benefits, and a hearing was held with respect to that request on October 26, 2005. The petitioner testified at the hearing that she had no recollection of receiving Social Security benefits. At the hearing, it became clear that she was having difficulty comprehending the proceedings and that she was having memory lapses. At the request of counsel, the hearing officer agreed to hold the determination of the petitioner's request in abeyance, pending the results of a medical report regarding the petitioner's mental condition.

A CT scan of the petitioner's brain was thereafter taken. The report of the radiologist who conducted the scan indicated that the petitioner suffered from involutional changes with small vessel schematic disease and small lacunae in the basal ganglia. The petitioner also obtained a report from Dr. Nirva M. Lindor, who concluded that the petitioner suffered from memory loss due to early vascular dementia. The petitioner's prognosis was deemed to be "poor," and Lindor's report further stated that she could expect episodes of both long-term and short-term

memory loss becoming progressively worse over time. In addition, the petitioner was evaluated by Lawrence S. Baker, Ph.D., a licensed psychologist, who found her to be mildly retarded, among other mental difficulties. Baker's report concluded, in part, as follows: "It is the examiner's opinion that [the petitioner] is not capable of remembering to report non-periodic and unpredictable information, and to a large extent unable to remember routine matters as well. When this is coupled with limited cognitive ability, one must assume that she requires outside support and cannot function autonomously at this point in her life."

The reports of the three healthcare providers who examined the petitioner were submitted to the hearing officer, who issued a decision unfavorable to her on February 7, 2006, stating, inter alia, and without regard to the uncontroverted evidence of her progressive dementia, that "[i]t is my opinion that you were neglectful and avoided your responsibility to be truthful in relation to reporting complete and honest information regarding income change to the Section 8 office."

The petitioner commenced this CPLR article 78 proceeding, alleging, in effect, that the hearing officer's determination was not supported by substantial evidence in the record, since it failed to credit the uncontradicted medical evidence of the petitioner's disability, and thus failed to reach the issue of whether her breaches of the rules governing the Section 8 Program were caused by her disability, and thus unintentional. We annul the determination.

"Where . . . a hearing is held, the determination [of an administrative agency] must be supported by substantial evidence" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 231 [1974]; *see* CPLR 7803 [4]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]).

In light of the clear and uncontroverted evidence that the petitioner is suffering from vascular dementia, a progressive disease that affected her memory and ability to handle her affairs, combined with additional evidence that the petitioner's IQ placed her in the mildly mentally retarded range, the Department's determination to disqualify the petitioner from the Section 8 Program based upon fraud and an intentional failure to provide truthful information, was not supported by substantial evidence. The result of this disqualification is to leave this

elderly, mentally-challenged individual homeless, a result not only contrary to law, but shocking to one's sense of fairness. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.