◼ In the Matter of SUSSEX CONDOMINIUM III, Petitioner, v COUNTY OF ROCKLAND FAIR HOUSING BOARD et al., Respondents. [923 NYS2d 166]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Rockland Fair Housing Board dated March 12, 2009, which, after a hearing, found that the petitioner, Sussex Condominium III, unlawfully refused to permit the disabled complainant to make a reasonable modification to his premises at his own expense, directed that such permission be granted, and awarded the complainant the sum of $3,000 in compensatory damages.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

In July 2007 the complainant, then 79 years old, underwent a hip replacement. Approximately one month later, the complainant, as the owner of a condominium located within the development operated by the petitioner, Sussex Condominium III (hereinafter Sussex), presented a petition to the Sussex Board of Managers requesting that handrailings be installed along the

walkways leading from the residences to the street. Although the petition was discussed at a meeting, in the face of opposition, it was never decided. In January 2008 the complainant filed a complaint with the respondent County of Rockland Fair Housing Board (hereinafter Board) alleging that, in violation of the Rockland County Fair Housing Law and the substantially identical federal Fair Housing Act (42 USC § 3601 *et seq.*), Sussex had engaged in unlawful discrimination by not acting on the request for railings.

After a hearing, the Board determined that the complainant is disabled within the meaning of the Rockland County Fair Housing Law (hereinafter FHL) and that Sussex, in violation of FHL § 261-3 (A) (6) (a), refused to permit the complainant, at his own expense, to make a reasonable modification to accommodate his disability by installing the requested railings, and awarded the complainant $3,000 in compensatory damages. Sussex commenced the instant proceeding pursuant to CPLR article 78 to review the determination. We grant the petition and annul the determination.

" 'Where . . . a hearing is held, the determination [of an administrative agency] must be supported by substantial evidence' " (*Matter of Bush v Mulligan*, 57 AD3d 772, 774-775 [2008], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *see* CPLR 7803 [4]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Bush v Mulligan*, 57 AD3d at 775, quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]).

Contrary to Sussex's contention, in light of the testimony of the complainant and his wife regarding the complainant's hip replacement and resultant difficulty walking under certain conditions, the Board's determination that the complainant is disabled within the meaning of the FHL, and its federal counterpart, was supported by substantial evidence (*see* FHL § 261-2 [Disability] [A]; 42 USC § 3602 [h] [1]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]).

Under the applicable federal and local laws, it is unlawful discrimination "[t]o refuse to permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by the said person, if the modifications may be necessary to afford the said person full enjoyment of the premises" (FHA § 261-3 [A] [6] [a]; *see* 42

USC § 3604 [f] [3] [A]). Here, the complainant specifically sought to have Sussex install the railing at its own expense. There was no evidence before the Board that the complainant ever requested permission to install the railings at his own expense. Accordingly, the Board's finding that Sussex had failed to approve a request to install railings at the complainant's own expense, and thereby discriminated against him, is not supported by substantial evidence. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.