■ In the Matter of JENNIFER RODRIGUEZ, Petitioner-Appellant, v NEW YORK CITY DEPARTMENT OF HOUSING PRESER-

VATION AND DEVELOPMENT, Respondent-Respondent. [942 NYS2d 60]—

Determination of respondent New York City Department of Housing Preservation and Development, dated August 19, 2010, which, after a hearing, terminated petitioner's section 8 housing subsidy, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered Apr. 15, 2011), dismissed, without costs. Appeal from the foregoing order, insofar as it transferred the proceeding to this Court, unanimously dismissed, without costs, as taken from an order that is not appealable as of right (CPLR 5701 [b] [1]).

Respondent's determination was supported by substantial evidence. The record demonstrates that petitioner violated the agency's policies requiring truthful and complete reporting of household income (*Matter of Morman v New York City Dept. of Hous. Preserv. & Dev.*, 81 AD3d 528 [2011]). Petitioner was given ample opportunity to proffer a defense to, or explanation for, the charges, and she did, in fact, articulate several reasons why she did not accurately report her income, including a fear that if she reported her earnings, she would lose her section 8 subsidy. She conceded that her failure to accurately report her income was based on "bad judgment."

Her argument, raised for the first time in this proceeding, that she suffers from a mental illness that rendered her incapable of truthfully reporting her income, may not be considered (*see Matter of Lee v Department of Hous. Preserv. & Dev. of City of N.Y.*, 48 AD3d 376 [2008]). In any event, the hearing representative had no duty to inquire as to petitioner's mental health since there was no indication that she was suffering from any mental incapacity (*cf. Matter of Bush v Mulligan*, 57 AD3d 772, 774-775 [2008]). Furthermore, petitioner fails to provide any evidence that her alleged depression rendered her incapable of truthfully reporting her income. Concur—Andrias J.P., Friedman, Acosta, Freedman and Richter, JJ.