■ In the Matter of E2CD, LLC, Petitioner, v APPEALS UNIT OF NYC ENVIRONMENTAL CONTROL BOARD, a Division of the NYC Office of Administrative Trials and Hearings, Respondent. [982 NYS2d 914]—

Proceeding pursuant to CPLR article 78 to review a determination of the Environmental Control Board of the City of New York, dated November 17, 2011, which confirmed a determination of an administrative law judge dated July 20, 2011, which, after a hearing, found that the petitioner violated Administrative Code of the City of New York § 28-105.1 by performing construction and/or repair work without a permit, and assessed a penalty of $800.

Adjudged that the determination dated November 17, 2011, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner is the owner of a four-story building in Brooklyn. He commenced this CPLR article 78 proceeding to review a determination of the Environmental Control Board of the City of New York (hereinafter the ECB), which confirmed the determination of an administrative law judge, finding that

it violated Administrative Code of the City of New York § 28-105.1 by performing work on the facade of the building without a permit. In its administrative appeal, the petitioner argued that permits are not required to perform work on the facades of buildings under six stories tall.

Contrary to the petitioner's contention, the ECB's determination was supported by substantial evidence (*see* Administrative Code of City of NY § 28-105.1; *Matter of Konstas v Environmental Control Bd. of City of N.Y.*, 104 AD3d 689, 690 [2013]; *Matter of Aparicio v Environmental Control Bd. of City of N.Y.*, 83 AD3d 1054, 1055 [2011]).

Further, to the extent that the petitioner seeks to have Administrative Code of the City of New York § 28-105.1 declared unconstitutional, the petitioner is not entitled to such relief. Although this Court has the power, pursuant to CPLR 103 (c), to convert a proceeding into an action, that power is conditioned upon this Court having jurisdiction over all of the necessary parties (*see Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305 [2010]; *Matter of Garden City Ctr. Assoc. v Incorporated Vil. of Garden City*, 193 AD2d 740 [1993]). In a declaratory judgment action challenging a local law or ordinance, the legislative body that enacted the challenged local law or ordinance is a necessary party. Since the City Council of the City of New York was not named as a party or joined in this proceeding, this Court cannot exercise its authority pursuant to CPLR 103 (c) (*see Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 458 [1971]; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305 [2010]; *Matter of Garden City Ctr. Assoc. v Incorporated Vil. of Garden City*, 193 AD2d at 740). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.