NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided February 24, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3098

GLENN J. HOPKINS,
　　*Plaintiff-Appellant*,

*v.*

SPRINGFIELD HOUSING AUTHORITY,
　　*Defendant-Appellee*.

Appeal from the
United States District Court for the
Central District of Illinois.

No. 11-3347

Richard Mills,
*Judge*.

## O R D E R

After Glenn Hopkins lost his housing subsidy, he sued the Springfield Housing Authority under the Fair Housing Act, the Americans with Disabilities Act, 42 U.S.C. § 1983, and various state laws. The district court granted the Housing Authority's motion to dismiss, and Hopkins appeals. We affirm the district court's judgment.

As recounted in an earlier order, *Hopkins v. Springfield Hous. Auth.*, 485 F. App'x 137, 140 (7th Cir. 2012) (upholding denial of preliminary injunction), Hopkins, a

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

recipient of Section 8 housing vouchers, sued the Housing Authority after it reduced his subsidy to account for income he failed to disclose in his recertification application. *See* 24 C.F.R. §§ 882.515, 982.552. He alleged that the Housing Authority discriminated against him under the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Fair Housing Act, *id.* § 3604(f)(3)(B), when it failed to accommodate his disability (the specifics of which are not in the record), and retaliated against him under the ADA, *id.* § 12203(a), when it reduced his subsidy and inspected his apartment in response to letters he wrote to Senator Richard Durbin and Secretary of Housing and Urban Development Shaun Donovan complaining of discrimination. He also sought relief under 42 U.S.C. § 1983 on the ground that the defendants violated and conspired to violate his rights under the ADA and Fair Housing Act.

The district court granted the Housing Authority's motion to dismiss. Hopkins could not state either a discrimination or retaliation claim under the ADA, the court explained, because the complaint and supporting documents reflected that his subsidy was reduced based on a change in household membership and not on any disability or in retaliation for any protected activity. Any retaliation claim additionally failed because there was no causal connection between the subsidy reduction and Hopkins's protected activity—the letters to Durbin and Donovan—because the former preceded the latter. Nor could he state a Fair Housing Act claim, the court continued, because he did not allege that he sought any accommodation or that a requested accommodation was linked to a disability. Hopkins also could not state a § 1983 claim for deprivation of his rights under the ADA or the Fair Housing Act because the enforcement mechanisms provided in those statutes meant for their remedies to be exclusive. And, finally, the court declined to exercise supplemental jurisdiction over Hopkins's state-law claims.

On appeal Hopkins argues that the Housing Authority discriminated against him under the Fair Housing Act and the ADA because it treated him adversely even though he is disabled. Significantly, however, Hopkins's claim of discrimination lacks an essential element: that someone else was treated differently. *See Wigginton v. Bank of Am. Corp.*, 770 F.3d 521, 522 (7th Cir. 2014). In fact, Hopkins concedes that the Housing Authority reduced his subsidy for a nondiscriminatory reason—because his household size changed. Because the complaint does not allege that Hopkins was treated differently than other voucher recipients because of his disability, the district court properly dismissed the claim.

Regarding his retaliation claim, Hopkins argues that the district court overlooked his assertion that the Housing Authority's subsidy reduction and demand for repayment violated its own policy ensuring that its policies will not, without good cause, force a

family to move. 24 C.F.R. § 882.509. The Housing Authority must have been retaliating against him, he argues, if it would go so far as to violate its own policy. But as the district court correctly explained, the Housing Authority lowered his subsidy and ordered repayment before Hopkins complained to Senator Durbin and the Housing Authority. *See Kampmier v. Emeritus Corp.*, 472 F.3d 930, 940 (7th Cir. 2007) (protected activity must come before adverse action); *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 644 (7th Cir. 2002) (same). And though the Housing Authority did inspect Hopkins's home after he complained, he does not explain why these inspections were adverse actions.

Next Hopkins generally disagrees with the district court's conclusion that he could not use § 1983 to pursue remedies under the ADA or the Fair Housing Act. But Hopkins cannot plausibly allege a claim for conspiracy under § 1983 because he has no claim under the Fair Housing Act or the ADA (or as he asserts for the first time on appeal, the Fourth Amendment) in the first place. *See Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011).

Hopkins also asserts that the district court wrongly refused to decide his state-law claims. But the court did not abuse its discretion by declining to exercise supplemental jurisdiction over Hopkins's state-law claims after dismissing all of his federal claims. *See* 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012).

Hopkins finally urges that the district judge's unfavorable rulings reflect obstruction of justice, bias against him, and a criminal conspiracy with the Housing Authority. But unfavorable rulings alone will almost never suffice to establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002); *see In re Nora*, No. 13-2676, 2015 WL 554396 (7th Cir. Feb. 11, 2015).

We have considered Hopkins's remaining arguments, including that the district judge violated RICO and the Hobbs Act, and none has merit.

AFFIRMED.