■ In the Matter of HOFFMANN INVESTORS CORP. et al., Petitioners, v JEROLD RUDERMAN et al., as the Westchester County Human Rights Commission, Respondents. [7 NYS3d 503]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Human Rights Commission dated June 11, 2012, which confirmed a determination of the Westchester County Human Rights Commission Fair Housing Board dated January 17, 2012, made after a hearing, finding that the petitioners engaged in racial discrimination in violation of the Westchester County Fair Housing Law, imposing a monetary penalty, and directing the petitioners to take certain action with respect to their property rentals. The Supreme Court, Westchester County (Warhit, J.), by order dated May 3, 2013, directed the dismissal of so much of the petition as alleged that the County of Westchester acted beyond the scope of its jurisdiction in enacting the Westchester County Human Rights Law, and transferred the matter to this Court to review whether the determination is supported by substantial evidence.

Ordered that so much of the order dated May 3, 2013, as

directed the dismissal of so much of the petition as alleged that the County of Westchester acted beyond the scope of its jurisdiction in enacting the Westchester County Human Rights Law is vacated, on the law; and it is further,

Adjudged that the determination dated June 11, 2012, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The petitioners commenced this CPLR article 78 proceeding to review a determination of the Westchester County Human Rights Commission (hereinafter WCHRC), which confirmed a determination of the WCHRC Fair Housing Board, made after a hearing, finding that the petitioners engaged in racial discrimination in violation of the Westchester County Fair Housing Law, imposing a monetary penalty, and directing the petitioners to take certain action with respect to their property rentals.

Having determined that the petition raises a substantial evidence question and could not be dismissed for lack of personal jurisdiction, and since the petitioners' remaining points could not have terminated the entire proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the proceeding to this Court without deciding the merits of the petitioners' remaining points (*see Matter of Huth v Barr*, 56 AD3d 556, 557 [2008]; *Matter of Dallas v Doar*, 45 AD3d 592, 593 [2007]; *Matter of Royster v Goord*, 26 AD3d 503, 505 [2006]). In this regard, the Supreme Court erred in directing the dismissal of so much of the petition as alleged that the County of Westchester acted beyond the scope of its jurisdiction in enacting the Westchester County Human Rights Law, and that part of the order dated May 3, 2013, must be vacated. Nonetheless, since the record is now before us, we may review those issues de novo (*see Matter of Huth v Barr*, 56 AD3d at 557; *Matter of Dallas v Doar*, 45 AD3d at 593; *Matter of Royster v Goord*, 26 AD3d at 505).

In their petition, the petitioners challenge the WCHRC's determination on the grounds that it was not supported by substantial evidence, and, separately, that the WCHRC did not have the authority to impose fines, damages, or penalties mandating specific performance against them since those sections of the Westchester County Human Rights Law that created the WCHRC and granted it the power to do so violate State law. As to the first challenge, contrary to the petitioners' contention, the WCHRC's determination was supported by

substantial evidence (*see* Westchester County Fair Housing Law § 700.21 [A]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Sussex Condominium III v County of Rockland Fair Hous. Bd.*, 84 AD3d 965, 966 [2011]). As to the second challenge, the petitioners are, in effect, seeking a declaration that certain sections of the Westchester County Human Rights Law violate State law. However, the petitioners are not entitled to such relief. "A declaratory judgment action is the proper vehicle for challenging the validity of a legislative enactment" (*Hudson Val. Oil Heat Council, Inc. v Town of Warwick*, 7 AD3d 572, 574 [2004]). Pursuant to CPLR 103 (c), this Court has the power to convert a proceeding into an action. However, that power is conditioned upon this Court having jurisdiction over all of the necessary parties (*see Matter of E2CD, LLC v Appeals Unit of NYC Envtl. Control Bd.*, 116 AD3d 773, 774 [2014]; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305 [2010]; *Matter of Garden City Ctr. Assoc. v Incorporated Vil. of Garden City*, 193 AD2d 740 [1993]). "In a declaratory judgment action challenging a local law or ordinance, the legislative body that enacted the challenged local law or ordinance is a necessary party" (*Matter of E2CD, LLC v Appeals Unit of NYC Envtl. Control Bd.*, 116 AD3d at 774). Since the Westchester County Board of Legislators was not named as a party or joined in this proceeding, this Court cannot exercise its authority pursuant to CPLR 103 (c) (*see Matter of Overhill Bldg. Co. v Delany*, 28 NY2d 449, 458 [1971]; *Matter of E2CD, LLC v Appeals Unit of NYC Envtl. Control Bd.*, 116 AD3d at 774; *Matter of Stoffer v Department of Pub. Safety of the Town of Huntington*, 77 AD3d 305 [2010]; *Matter of Garden City Ctr. Assoc. v Incorporated Vil. of Garden City*, 193 AD2d at 740). Mastro, J.P., Chambers, Austin and Miller, JJ., concur.