▮▮ In the Matter of ADAM LEIBOWITZ, Petitioner, v WESTCHESTER COUNTY HUMAN RIGHTS COMMISSION, Respondent, and IMPERIAL OWNERS CORP. et al., Intervenors-Respondents. [42 NYS3d 867]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Human Rights Commission dated February 7, 2013, which confirmed a determination of the Westchester County Human Rights Commission Fair Housing Board dated November 29, 2012, made after a hearing, finding that the intervenors-respondents did not engage in unlawful discriminatory conduct in denying the petitioner's request for permission to keep an emotional support animal in his apartment and did not engage in retaliation under the Westchester Human Rights Law.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with one bill of costs to the respondent and the intervenors-respondents, appearing separately and filing separate briefs.

Contrary to the petitioner's contention, the determination of the Westchester County Human Rights Commission (hereinafter the Commission) that the petitioner was not disabled within the meaning of the Westchester County Fair Housing Law

(hereinafter WCFHL), and that he was not handicapped within the meaning of the federal Fair Housing Act, was supported by substantial evidence (*see* WCFHL § 700.20 [D] [1]; 42 USC § 3602 [h] [1]; *Matter of Hoffmann Invs. Corp. v Ruderman*, 127 AD3d 1086, 1087-1088 [2015]; *Matter of Sussex Condominium III v County of Rockland Fair Hous. Bd.*, 84 AD3d 965, 966 [2011]; *Castillo Condominium Assn. v United States Dept. of Hous. & Urban Dev.*, 821 F3d 92, 95 [1st Cir 2016]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). In addition, the Commission's determination that the petitioner was not subject to retaliation was also supported by substantial evidence (*see* WCFHL §§ 700.07 [b]; 700.21 [A] [10]; 700.23 [B]; 42 USC § 3617; *Hopkins v Springfield Hous. Auth.*, 592 Fed Appx 528, 529-530 [7th Cir 2015]; *Gallagher v Magner*, 619 F3d 823, 838 [8th Cir 2010]; *DuBois v Association of Apt. Owners of 2987 Kalakaua*, 453 F3d 1175, 1180 [9th Cir 2006]).

The petitioner's remaining contentions are without merit. Dillon, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.