■ In the Matter of HILTON MARRERO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [617 NYS2d 236] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating rules 107.20 (7 NYCRR 270.2 [B] [8] [iii]; lying), 113.23 (7 NYCRR 270.2 [B] [14] [xiv]; possession of contraband), 114.10 (7 NYCRR 270.2 [B] [15] [i]; smuggling) and 180.13 (7 NYCRR 270.2 [B] [26] [iv]; Family Reunion Program rules and regulations) (hereinafter FRP). The charges stemmed from Correction Officer Riester's report that, on October 31, 1991, petitioner was in possession of three personal cassette tapes brought into the facility by his wife during a family visit. Petitioner was also found guilty, on a complaint of Correction Officer K. Moak, of possessing 17 glassine envelopes containing heroin, which were concealed in a can of baby powder and which were found on November 1, 1992 in his cell, in violation of rule 1.00 (7 NYCRR 270.2 [A]; Penal Law offense) and 113.12 (7 NYCRR 270.2 [B] [14] [iii]; possession of narcotics). The sentence imposed was 730 days' confinement to the special housing unit with 365 days suspended, 365 days loss of commissary, loss of visitation privileges, loss of visitation privileges with his wife and permanent exclusion from the FRP.

Petitioner challenges the determination on several grounds. His contention that the chain of custody of the contraband drugs was not established pursuant to 7 NYCRR 1010.4 is without merit. The record establishes that there was conformity with the rules in that all persons who handled the drugs affixed their signatures to the chain of custody section of the drug test form. Petitioner's further contention that he was not afforded effective assistance is also meritless. His requests of his assistant were minimal and were fully complied with by the assistant.

Petitioner's final contention, that his guilt was not supported by substantial evidence, is belied by the record. Not only was petitioner found with prohibited tapes, but his inconsistent contentions as to how he came to possess them belies his claim of innocent possession. The proof of possession of heroin was supplied by the testimony of correction officers who seized the 17 glassine envelopes from a can of baby powder found in petitioner's cell. The powder tested positive for heroin and, finally, petitioner's wife admitted that she smuggled heroin into the prison for him. All the evidence amply supports the finding of guilt. Mercure, Yesawich Jr., and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.