■ In the Matter of CARL FISHER, Respondent, v JAMES GARVEY et al., Respondents-Appellants. [625 NYS2d 61] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants, dated October 4, 1993, which, after a disciplinary hearing, imposed penalties on the petitioner of 14 days keep lock status and removal of 120 days of the petitioner's "good time", the appeal is from a judgment of the Supreme Court, Orange County (Miller, J.), dated January 4, 1994, which granted the petition, annulled the determination, and remitted the matter for a hearing conducted in accordance with 7 NYCRR part 254.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner was an inmate in the Orange County Correctional Facility serving a definite term of 11 months and 29 days. While incarcerated, the petitioner was charged with the offense of possession of contraband. After a disciplinary hearing, the petitioner was found guilty, upon his admission, and a penalty of 14 days keep lock status was imposed. In addition, the Jail Administrator removed 120 days of the petitioner's "good time". The petitioner thereafter commenced this proceeding claiming that he was denied due process at the hearing, and requesting that his "good time" be restored.

The Supreme Court found that the petitioner was entitled to a superintendent's hearing pursuant to 7 NYCRR part 254 *et seq.,* and since the disciplinary hearing was not electronically recorded, the appellants violated the petitioner's rights under 7 NYCRR part 254 *et seq. (see,* 7 NYCRR 254.6 [b]). The Supreme Court remitted the matter for a hearing to be conducted in accordance with 7 NYCRR part 254.

Since the petitioner has served his term of incarceration, the rights of the parties will not be directly affected by the determination of the appeal. Nevertheless, we decide to reach the merits of the appellants' appeal under the exception to the mootness doctrine *(see, Matter of Hearst v Clyne,* 50 NY2d 707).

We agree with the appellants that the court incorrectly applied the provisions of 7 NYCRR part 254 *et seq.* to the petitioner's hearing. Since the petitioner was an inmate in a "local correctional facility" *(see,* Correction Law § 2 [16] [a]), the petitioner's disciplinary hearing was governed by the provisions of 9 NYCRR 7006.8. Those provisions contain no requirement that the hearing be electronically recorded. As there is no other evidence that the provisions of 9 NYCRR 7006.1 *et seq.* were violated, the determination should have been confirmed and the proceeding dismissed. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.