854

■ In the Matter of Timothy P. Wood, Petitioner, v Glenn S. Goord, as Commissioner of New York State Department of Correctional Services, et al., Respondents. [696 NYS2d 597] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this proceeding seeking to annul a determination that he violated various inmate rules. Because the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court (see, CPLR 7804 [g]). Nevertheless, we address the merits of the issue raised in the interest of judicial economy (see, Matter of Moulden v Coughlin, 210 AD2d 997; see also, Matter of Nieves v Goord, 262 AD2d 1042).

Petitioner contends that his due process rights were violated when the Hearing Officer continued to serve after conducting an independent investigation of the incidents. Petitioner failed to raise that contention during the hearing despite being asked by the Hearing Officer if he "had any procedural objections", and thus has failed to preserve that contention for our review (see, Matter of Reeves v Goord, 248 AD2d 994, 995, lv denied 92 NY2d 804). Petitioner also has failed to establish that he raised that contention on his administrative appeal because he failed to include in the record before us any documents relating to his administrative appeal (cf., Matter of Agosto v Goord, 261 AD2d 888; Matter of Arvinger v Goord, 255 AD2d 940). Were petitioner's contention properly before us, we would conclude that it has no merit. The Hearing Officer properly relied on the misbehavior report and the testimony of a correction officer who witnessed the incidents in question, and there is no proof that he relied on facts adduced at an independent investigation. (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Livingston County, Cicoria, J.) Present—Lawton, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ.