■ In the Matter of ANDREW BRADSTREET, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [700 NYS2d 777] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Substantial evidence supports the determination of respondent finding petitioner, a prison inmate, guilty of violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance. The misbehavior report, together with the positive results of two urinalysis tests indicating the presence of cannabinoids and the testimony of the correction officer who performed one of the urinalysis tests, amply support the determination of petitioner's guilt (*see, Matter of Mitchell v Selsky*, 252 AD2d 639; *Matter of Lorusso v Goord*, 248 AD2d 771). Furthermore, because the determination of petitioner's guilt was not based upon the confidential information which prompted the request for petitioner's urine sample, the Hearing Officer was not required to assess the credibility of the confidential informant (*see, Matter of Rivera v Goord*, 258 AD2d 793; *Matter of Mitchell v Selsky, supra*). Notwithstanding petitioner's contentions to the contrary, we find that the record demonstrates that the appropriate testing procedures were followed and that the chain of custody was sufficiently established (*see, Matter of Frazier v Goord*, 251 AD2d 800, *lv denied* 92 NY2d 813). To the extent that petitioner's remaining contentions have been preserved for our review, we find them to be without merit.

Cardona, P. J., Mercure, Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.