■ In the Matter of RAY BURSE, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [710 NYS2d 201] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing narcotics and smuggling in violation of prison disciplinary rules after marihuana was discovered in a garage where petitioner frequently loitered. The search of the garage was prompted by information that several correction officers had observed petitioner spending an unusual amount of time around the garage and acting suspiciously, leading them

to believe that petitioner was hiding something in the garage. According to the misbehavior report, the search disclosed two plastic sandwich bags containing a substance which tested positive for marihuana secreted inside a coffee can. Petitioner subsequently admitted during an interview with two correction officers that the marihuana belonged to him. Found guilty of all charges, petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt. We confirm.

The testimony of the correction officer who searched the garage and discovered the marihuana, the documentation and testimony relating to the positive test results and the testimony of one of the correction officers who heard petitioner's confession provide substantial evidence of petitioner's guilt (*see, Matter of Maldonado v Goord*, 270 AD2d 742; *Matter of Rosario v Selsky*, 266 AD2d 656). Although petitioner contends that he never admitted owning the marihuana, this created a credibility issue for the Hearing Officer to resolve (*see, Matter of Hardy v Coombe*, 234 AD2d 830). Moreover, the record indicates that appropriate procedures were used to test the marihuana and that the chain of custody was adequately established (*see, Matter of Bradstreet v Goord*, 268 AD2d 832; *Matter of Rivera v Goord*, 258 AD2d 858). Any confusion regarding the information contained on the testing documentation regarding the type of testing procedure used was sufficiently explained at the hearing (*see, Matter of Mercado v Selsky*, 270 AD2d 550).

Turning to petitioner's procedural claims, we reject petitioner's contention that he was denied documentary evidence and relevant witnesses because the information petitioner requested was either unavailable, irrelevant or redundant to other evidence in the record (*see, Matter of McBride v Selsky*, 257 AD2d 930; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868). Finally, there is nothing in the record to substantiate petitioner's contention that the Hearing Officer was biased or considered matters outside the record (*see, Matter of Cobb v Selsky*, 270 AD2d 747).

Petitioner's remaining contentions have been reviewed and rejected as without merit.

Mercure, J. P., Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.