■ In the Matter of ALLAH CIPHER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [719 NYS2d 414] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The misbehavior report, other documentary evidence and petitioner's admissions constitute substantial evidence to support the determination that petitioner violated inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii] [making false statements]; *see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Petitioner's explanation for those statements merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Foster v Coughlin, supra,* at 966). We conclude, however, that the determination that petitioner violated inmate rule 107.11 (7

NYCRR 270.2 [B] [8] [ii] [harassment]) must be annulled. At the hearing, petitioner alleged that he had a copy of only the 1994 version of the inmate rule book and that the definition of rule 107.11 (harassment) had been changed in the revised 1998 version of the rule book, which he had never received. He requested a copy of the receipt showing that he had received the book. Respondent concedes that the Hearing Officer erred in failing to provide petitioner with a copy of the receipt at the hearing. We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 107.11. Because one penalty was imposed and the record fails to specify any relation between the violations and the penalty, the determination must be further modified by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violation.

Petitioner failed to contend in his administrative appeal that he should have been provided with a copy of an alleged letter he wrote to the Commissioner's office and thus that contention is not properly before us (*see, Matter of Nelson v Coughlin,* 188 AD2d 1071, *appeal dismissed* 81 NY2d 834). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.