OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be affirmed, with costs.
 

 This CPLR article 78 proceeding seeks to annul a determination of the New York State Department of Environmental Con
 
 *760
 
 servation (DEC) denying petitioner’s' application for a permit to expand a municipal solid waste disposal facility. We conclude that the agency’s determination was rational, based on substantial evidence and not discriminatory.
 

 In 1996, petitioner applied for a permit to expand its landfill located in Goshen, New York. During the pendency of the application, petitioner and its principals pleaded guilty to federal tax-related crimes spanning several years. The corporation was fined, and its three principals were sentenced to prison and ordered to pay substantial fines and restitution. Several other companies, wholly or partially owned by petitioner’s principals, also have criminal histories.
 

 Following a hearing, an Administrative Law Judge (ALJ) recommended denial of the expansion permit. In April 1999, the DEC Commissioner, adopting the ALJ’s report, denied petitioner’s application. The, Commissioner found that petitioner was unfit given the criminal history of the company and its principals, and that petitioner’s unfitness outweighed any need for landfill expansion. Petitioner commenced an article 78 proceeding to challenge the denial of its permit application. Supreme Court denied the petition in part, concluding that the determination did not violate the equal protection of the laws, was rational and was supported by substantial evidence, and transferred the matter to the Appellate Division.
 

 A divided Appellate Division vacated the judgment
 
 (see
 
 CPLR 7804 [g]), and dismissed the proceeding.
 
 *
 
 The majority concluded that the Commissioner’s decision was supported by substantial evidence, and the Commissioner did not violate Correction Law § 752 in relying on petitioner’s criminal history as a basis for denial of the permit. Two Justices dissented on the ground that the Commissioner failed to satisfactorily distinguish certain DEC precedents involving permittees with criminal histories. Petitioner appeals to this Court as of right (CPLR 5601 [a]). We now affirm.
 

 The Commissioner’s decision is supported by substantial evidence. The admitted criminal histories of petitioner and its principals — involving deceit in the operation of their business over several years — provides ample basis for denying the expansion permit. Contrary to petitioner’s argument, the record evidence also supports the Commissioner’s finding that
 
 *761
 
 “the benefit to the State of the landfill expansion does not outweigh the Applicant’s poor fitness.”
 

 There is also no valid basis for petitioner’s argument that, compared to other entities, it has been the victim of improper discrimination
 
 (see Matter of Field Delivery Serv.,
 
 66 NY2d 516 [1985]). While this proceeding and the proceedings petitioner references — in which permits were renewed or not revoked— involve crimes of dishonesty, none of the latter cases come close to the magnitude of the interrelated and varied criminal activities of petitioner, its principals, and their companies. In light of the distinction in the nature and degree of culpability of the crimes, the Commissioner also rationally concluded that a trust proposal to transfer the interests in petitioner from the principals to their wives and then to a trust, which had been approved in
 
 Matter of Modern Landfill,
 
 would not have sufficiently insulated petitioner from the three principals, and would have entailed burdensome oversight on the Department to monitor compliance.
 

 Moreover, the Commissioner’s denial of the permit did not violate Correction Law § 752 (1), (2), under which a license may not be denied on the basis of a conviction unless there is “a direct relationship between one or more of the previous criminal offenses and the specific license * * * or the issuance of the license * * * would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public.” Section 753 of the Correction Law sets forth several factors an agency must consider in determining whether either of the two foregoing exceptions is applicable, and the Commissioner weighed these factors in finding petitioner unfit. In particular, the Commissioner must consider “[t]he bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform [the specific] duties or responsibilities” that are “necessarily related to the license or employment sought” (Correction Law § 753 [1] [b], [c]). While petitioner’s criminal activities did not generally involve the violation of environmental laws, the Commissioner rationally found, in the words of the Appellate Division, that
 

 “the elements inherent in the criminal conduct for which the petitioner and its principals were convicted, to wit, dishonesty, lack of integrity in conducting business, and a willingness to mislead the government, have a direct relationship to the duties and responsibilities inherent in the license
 
 *762
 
 sought, including accurate record keeping, effective self-policing, and honest self-reporting to the government.” (289 AD2d 231, 232.)
 

 There is thus no need to address the Commissioner’s alternative conclusion that the granting of the permit would involve an unreasonable risk to the safety and welfare of the general public.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Judgment affirmed, with costs, in a memorandum.
 

 *
 

 CPLR 7804 (g) authorizes the court in which the article 78 proceeding is commenced to decide any issues which would terminate the case if no issue of substantial evidence is raised. Otherwise, the section requires the court to transfer the case to the Appellate Division for disposition.