In the Matter of ANGEL L. MARTINEZ, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. (Proceeding No. 1.) [775 NYS2d 716]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, entered October 21, 2003 in Oneida County [John G. Ringrose, A.J.]) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Supreme Court erred in transferring this

proceeding to this Court pursuant to CPLR 7804 (g) inasmuch as it does not raise a substantial evidence question. We nevertheless address the merits in the interest of judicial economy (*see Matter of Hunt v Goord,* 252 AD2d 982 [1998]; *Matter of Moulden v Coughlin,* 210 AD2d 997 [1994]).

The record establishes that petitioner waived his right to an employee assistant before the hearing and, although he initially indicated at the hearing that he wanted an employee assistant, petitioner later indicated that he would proceed without one. Thus, contrary to the contention of petitioner, we conclude that he validly waived his right to an employee assistant. Petitioner failed to preserve for our review his contention that he was denied his right to an interpreter (*see generally Matter of Wood v Goord,* 265 AD2d 854 [1999]). Finally, contrary to petitioner's further contention, the record does not establish "that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias" (*Matter of Parker v Coughlin,* 211 AD2d 929, 929 [1995]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.