In the Matter of JOHN P. ROYSTER, Petitioner, v GLENN GOORD et al., Respondents. [810 NYS2d 212]—

Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of Green Haven Correctional Facility dated April 13, 2004, which affirmed a determination of a hearing officer dated March 31, 2004, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating rules 107.11 (7 NYCRR 270.2 [B] [8] [ii]) and 107.20 (7 NYCRR 270.2 [B] [8] [iii]), and imposing a penalty.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as affirmed the determination of the hearing officer finding the petitioner guilty of violating rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]) is annulled, that finding is vacated, that charge is dismissed, the penalty imposed with respect to that charge is vacated, the respondents are directed to expunge all references to that finding from the petitioner's institutional record, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed.

In this proceeding pursuant to CPLR article 78 to review a prison disciplinary determination, the petitioner contends that the determination was not supported by substantial evidence (*see* CPLR 7803 [4]; *People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]; *Matter of Ramsey v Phillips,* 11 AD3d 470 [2004]).

The hearing officer found that the petitioner made a single, false complaint to a sergeant that a correction officer had assaulted him. Contrary to the conclusion of the hearing officer, a single false, but nonabusive, complaint about, rather than to, a correction officer does not constitute harassment of that officer under rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]; *cf. Matter of Felder v Herbert,* 261 AD2d 959 [1999]; *Matter of Readdon v Mitchell,* 210 AD2d 710 [1994]; *compare* Penal Law § 240.26 [3], *with* rule 107.11).

The hearing officer's determination that the petitioner lied about the alleged assault, thus violating rule 107.20 (7 NYCRR 270.2 [B] [8] [iii]), however, was supported by substantial evidence (*see Matter of Cipher v Goord,* 278 AD2d 846 [2000]; *Matter of Marrero v Coughlin,* 208 AD2d 1016, 1017 [1994]). At a medical examination conducted approximately four hours after the alleged assault, there was no evidence that the petitioner had been assaulted. Given the petitioner's statement at the hearing that his eyes were "so bloody [he] could barely make out the pupils" immediately after the alleged incident, the lack of any physical evidence was sufficient to support the hearing officer's determination that the petitioner lied about the assault.

The petitioner failed to preserve for review his claim that the

hearing officer was biased, by failing to raise that issue at the hearing or in his administrative appeal (*see Matter of Blackshear v Coughlin,* 185 AD2d 493 [1992]). In any event, this claim is without merit. The record establishes that the hearing was conducted fairly, and the mere fact that the hearing officer ruled against the petitioner does not establish bias (*see Matter of Martinez v Scully,* 194 AD2d 679 [1993]).

The petition raises a substantial evidence question, and the remaining points raised by the petitioner were not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g). Thus, the Supreme Court should have transferred the proceeding to the Appellate Division without deciding the remaining points (*see Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation,* 289 AD2d 231 [2001], *affd* 98 NY2d 758 [2002]). Nonetheless, since the record is now before us, we review those issues de novo and find them to be without merit. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.