■ In the Matter of DANIEL RINCON, Petitioner, v DONALD SELSKY et al., Respondents. [813 NYS2d 508]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the Director of the Special Housing and Inmate Disciplinary Program of the New York State Department of Correctional Services dated November 12, 2003, as confirmed so much of a determination of a hearing officer dated August 21, 2003, made after a Tier III disciplinary hearing, as found the petitioner guilty of violating a prison disciplinary rule and imposed a sanction.

Adjudged that the determination dated November 12, 2003 is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed, on the merits, without costs or disbursements.

In reaching their determination that the petitioner violated prison rule 113.10 by possessing a weapon (*see* 7 NYCRR 270.2 [B] [14] [i]), the respondents relied upon, among other things, a misbehavior report, the testimony of the officer who prepared the report, and confidential testimony. Contrary to the petitioner's contention, the misbehavior report, along with the confidential testimony, constituted substantial evidence sufficient to support the determination that the petitioner was guilty of the charge sustained against him (*see Matter of Lozada v Selsky,* 306 AD2d 413 [2003]; *Matter of Linz v Goord,* 245 AD2d 514, 515 [1997]; *see also Matter of Abdur-Raheem v Mann,* 85 NY2d 113, 117 [1995]; *Matter of Oro v Keane,* 211 AD2d 796 [1995]).

Moreover, the Hearing Officer made an independent assessment of the reliability and credibility of the confidential informants who provided information regarding the incident (*see Matter of Abdur-Raheem v Mann, supra* at 119; *Matter of Lozada v Selsky, supra* at 413).

We reject the petitioner's contention that he was denied access to certain documentary evidence and was not allowed to call relevant witnesses, inasmuch as the documents and witnesses he requested were either unavailable, irrelevant, or duplicative of other evidence in the record (*see Matter of Burse v Goord,* 274 AD2d 678, 679 [2000]; *Matter of McBride v Selsky,* 257 AD2d 930 [1999]; *Matter of Di Rose v New York State Dept. of Correction,* 228 AD2d 868 [1996]). Nor is there anything in the record to substantiate the petitioner's contention that the Hearing Officer was biased (*see Matter of Burse v Goord, supra* at 679; *Matter of Cobb v Selsky,* 270 AD2d 747 [2000]).

In addition, the petitioner waived his right to challenge the adequacy of the assistance rendered to him by an employee assistant when he stated, on the record at the hearing, that the assistance had been completed to his satisfaction (*see Matter of Blackwell v Goord,* 5 AD3d 883, 884 [2004]; *cf. Matter of Paige v Goord,* 19 AD3d 908, 909 [2005]; *Matter of Martinez v Goord,* 6 AD3d 1208 [2004]).

The petitioner's remaining contentions are either academic or without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.