■ In the Matter of LISA PANTINA-BOTT, Petitioner, v INCORPORATED VILLAGE OF FREEPORT et al., Respondents. [816 NYS2d 484]—In a proceeding pursuant to CPLR article 78 to review an undated determination of the Incorporated Village of Freeport and the Freeport Police Department, which, after a hearing, found that the petitioner was capable of performing the full duties of a police officer as of January 14, 2003, and ordered her to forfeit disability pay retroactive to that date, the appeal is from an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 9, 2004, which denied the petition in part and transferred the matter to this Court to decide whether the determination was supported by substantial evidence.

Ordered that the appeal is dismissed, and the order is vacated, on the law; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the petition raises a substantial evidence question, and the remaining points raised by the petitioner and disposed of by the Supreme Court are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division (*see Matter of Royster v Goord,* 26 AD3d 503 [2006]; *Matter of Boyd v New York State Crime*

*Victims Bd.,* 302 AD2d 380 [2003]). Nonetheless, since the record is now before us, this Court will treat the proceeding as if it had been properly transferred here in its entirety (*see Matter of Royster v Goord, supra; Matter of Boyd v New York State Crime Victims Bd., supra*).

The petitioner, a police officer employed by the respondent, the Incorporated Village of Freeport, was injured in a training exercise on April 24, 2002. She received disability benefits pursuant to General Municipal Law § 207-c. She challenges the determination, after a hearing, that she was fit for full duty as of January 14, 2003 and therefore was not entitled to disability payments beyond that date. Contrary to the petitioner's contention, the determination was rational and is supported by substantial evidence in the record (*see Matter of Chadha v County of Nassau,* 248 AD2d 465, 466-467 [1998]; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]).

The petitioner's remaining contentions are without merit. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.