■ In the Matter of RAMON CEPEDA, Petitioner, v GLENN GOORD, Respondent. [834 NYS2d 265]—

Proceeding pursuant to CPLR article 78 to review a determination of Glenn Goord, Commissioner of the New York State Department of Corrections, dated July 28, 2004, which affirmed a determination of a hearing officer dated May 28, 2004 made after a tier III disciplinary hearing, finding the petitioner guilty of violating disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xiii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]), and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The determination that the petitioner violated disciplinary

rules 113.25 (7 NYCRR 270.2 [B] [14] [xiii]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]) was based upon, inter alia, a contraband test which positively identified the suspected contraband as marijuana. Contrary to the petitioner's contention, the contraband test was performed in compliance with the relevant regulatory procedures and constituted substantial evidence sufficient to support the determination that the petitioner was guilty of the charges against him (*see* 7 NYCRR 1010.4 [f]; *Matter of Cross v Goord,* 19 AD3d 990 [2005]; *Matter of Otero v Selsky,* 9 AD3d 631 [2004]; *Matter of Martinez v Selsky,* 290 AD2d 789, 790 [2002]).

We reject the petitioner's further contention that he was improperly precluded from calling a certain witness inasmuch as the testimony of the witness he requested would have been irrelevant (*see Matter of Rios v Selsky,* 32 AD3d 632 [2006]; *Matter of Rincon v Selsky,* 28 AD3d 565 [2006]; *Matter of Burse v Goord,* 274 AD2d 678, 679 [2000]).

Moreover, the petitioner's contention of hearing officer bias is, in part, not properly before us. The petitioner failed to raise at the hearing and on the administrative appeal his contention that the Hearing Officer was biased because she was not concerned with the caselaw, improperly based her findings on his denial of guilt, and imposed an unauthorized penalty (*see Matter of Townes v Goord,* 32 AD3d 1136 [2006]; *Matter of Royster v Goord,* 26 AD3d 503 [2006]). In any event, the claim of hearing officer bias is without merit. The record establishes that the hearing was conducted fairly, and the mere fact that the hearing officer ruled against the petitioner does not establish bias (*see Matter of Rincon v Selsky, supra; Matter of Pabon v Phillips,* 16 AD3d 589 [2005]; *Matter of Martinez v Scully,* 194 AD2d 679 [1993]).

Further, we find no merit to the petitioner's claim that the hearing was not timely commenced within seven days of the misbehavior report as required by 7 NYCRR 251-5.1 (a). The record discloses that a valid extension was granted within the seven-day period in response to the petitioner's request for additional time to obtain documents. Since the hearing was commenced on the date set forth in the extension, it was timely (*see Matter of Berry v Portuondo,* 6 AD3d 848 [2004]). Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.