In the Matter of IVAN RIPPY, Petitioner, v DONALD SELSKY et al., Respondents. [870 NYS2d 416]—

This proceeding was improperly transferred to this Court by the Supreme Court, Dutchess County, pursuant to CPLR 7804 (g) since the issues raised do not involve a question of substantial evidence (*cf. Matter of Pabon v Phillips*, 16 AD3d 589 [2005]).

However, for purposes of judicial economy we will retain jurisdiction and decide the case on the merits.

Having determined that the proceeding should be transferred to this Court, the Supreme Court should not have addressed the issue of the claimed bias of the hearing officer (*see* CPLR 7804 [g]; *Matter of Royster v Goord,* 26 AD3d 503 [2006]). However, as the record is before us, we will review that issue de novo, along with our review of the other issues raised in the petition.

The hearing officer made an independent assessment of the confidential information referenced in the misbehavior report and found that information to be reliable. Accordingly, it was proper to consider that information as part of the evidence supporting the determination made by the hearing officer (*see Matter of Abdur-Raheem v Mann,* 85 NY2d 113 [1995]). There is no merit to the petitioner's assertion that the hearing officer was required to personally interview the informants or provide the petitioner with a redacted copy of their statements (*id.*). Any error in the receipt of the testimony of a corrections captain regarding statements made to him by informants would not affect the reliability of the confidential information assessed by the hearing officer.

There is no evidence in the record that the hearing officer was biased against the petitioner (*see Matter of Cepeda v Goord,* 39 AD3d 640 [2007]; *Matter of Royster v Goord,* 26 AD3d 503 [2006]; *Matter of Pabon v Phillips,* 16 AD3d 589 [2005]).

Contrary to the petitioner's assertion, the record establishes that he did not request an inmate witness. There was no error in the determination not to grant the petitioner's request to call the superintendent of the facility or one of the requested corrections officers as a witness. The officer was out sick on the day of the hearing, and her testimony and that of the superintendent, to the extent it might have been relevant, would have been cumulative to other testimony (*see Matter of Igartua v Selsky,* 41 AD3d 717 [2007]; *Matter of Rincon v Selsky,* 28 AD3d 565 [2006]). Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.