In the Matter of ERIC TOLLIVER, Petitioner, v BRIAN FISCHER, Respondent. [892 NYS2d 112]—

On March 3, 2008, the petitioner was charged with violating prison disciplinary rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]), and 114.10 (7 NYCRR 270.2 [B] [15] [i]), which prohibit, among other things, conspiring to introduce controlled substances into a correctional facility and smuggling, respectively. The petitioner also was charged with violating prison disciplinary rule 121.11 (7 NYCRR 270.2 [B] [22] [ii]), which prohibits inmates from engaging in third-party telephone calls. The misbehavior report alleged that, on January 3, 2008, and on subsequent additional dates, the petitioner "did conspire with several visitors to smuggle quantities of heroin and marijuana" into the Green Haven Correctional Facility. The misbehavior report stated that, to further the conspiracy, the petitioner used "the inmate phone system violating D[epartment] O[f] C[orrectional] S[ervices] Directive #4423. The foregoing is the result of a confidential investigation being conducted by the New York State Department of Correctional Services, Inspector General's Office, Narcotic[s] Unit."

Following a tier III disciplinary hearing, the petitioner was found guilty of violating the aforementioned disciplinary rules. Upon the petitioner's administrative appeal of the hearing officer's determination, Brian Fischer, the Superintendent of the Green Haven Correctional Facility (hereinafter the Superintendent) confirmed the determination.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Dutchess County, to challenge the Superintendent's determination. In an order dated November 17, 2008, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the Supreme Court should have disposed of the proceeding by addressing the petitioner's argument that the determination was affected by an error of law, specifically, that it was rendered in violation of due process requirements (see CPLR 7804 [g]; Matter of Tartaglione v Board of Commrs. of Police Dept. of Vil.

*of Briarcliff Manor*, 301 AD2d 655, 657 [2003]), since the full record is now before us, we will decide the proceeding on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]).

During the hearing, the hearing officer considered the testimony of, inter alia, a senior narcotics investigative officer employed by the Department of Correctional Services. The investigator produced several recordings of the petitioner's telephone conversations, wherein the petitioner allegedly used the prison telephones to coordinate the smuggling of heroin and marijuana into the facility. The telephone recordings were provided to the petitioner during the hearing. The investigator testified that the petitioner used coded language to refer to drugs during the recorded conversations. The hearing officer indicated that, while he did not understand much of recorded conversations, the investigator provided him with a "confidential . . . explanation" of the recordings. According to the investigator, the explanation was written by a unnamed third party. The petitioner requested a copy of the explanation, but the hearing officer declined the request.

Where, as here, an inmate is charged with violation of a prison regulation which could result in the loss of good-time credit, he or she is entitled to minimum due process protections (*see Matter of Stallone v Fischer*, 67 AD3d 125, 128 [2009]). The hearing officer did not provide the petitioner with the so-called confidential explanation of the telephone recordings, and failed to state a reason why that explanation could not be given to the petitioner. Since the explanation of the recordings was relevant to the petitioner's contention that the recordings did not demonstrate that he was involved in any drug-related activity, we annul the determination and remit the matter to the respondent for further proceedings (*cf. Matter of Roach v Goord*, 46 AD3d 988, 989 [2007]; *Matter of Perkins v Goord*, 257 AD2d 821, 822 [1999]). Upon remittal, the hearing officer shall conduct a new hearing, and either produce the so-called confidential explanation for the petitioner's use at the new hearing and render a new determination thereafter or, if the hearing officer deems the so-called confidential explanation to be too sensitive to reveal, render a new determination after the new hearing without consideration of or reference to the so-called confidential explanation.

In light of our determination, we need not consider the petitioner's remaining contentions. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.