Froceeding pursuant to CFLR article 78 to review a determination of Donald Venettozzi, the Acting Director of S.H.U. at Sing Sing Correctional Facility, dated June 21, 2010, which *521 confirmed a determination of a hearing officer dated April 23, 2010, made after a disciplinary hearing, finding the petitioner guilty of the charges of violating prison disciplinary rules 113.25 and 114.10 (7 NYCRR 270.2 [B] [14] [xv]; [15] [i]).
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
In reaching his determination that the petitioner violated prison disciplinary rule 113.25 (see 7 NYCRR 270.2 [B] [14] [xv]) by conspiring with others to smuggle marijuana into the correctional facility, as well as prison disciplinary rule 114.10 (see 7 NYCRR 270.2 [B] [15] [i]) by smuggling or soliciting others to smuggle an item into or out of the correctional facility, the respondent relied upon, among other things, a misbehavior report, the testimony of the investigator who prepared the report, and confidential testimony. Contrary to the petitioner’s contention, this constituted substantial evidence sufficient to support the determination that the petitioner was guilty of the charges sustained against him (see Matter of Abdur-Raheem v Mann, 85 NY2d 113, 123 [1995]; Matter of Rincon v Selsky, 28 AD3d 565 [2006]). Moreover, the hearing officer made an independent assessment of the confidential information referenced in the misbehavior report, as well as of the confidential informants themselves, and found that information to be reliable (see Matter of Abdur-Raheem v Mann, 85 NY2d at 123; Matter of Rippy v Selsky, 57 AD3d 906, 907 [2008]; Matter of Rincon v Selsky, 28 AD3d 565 [2006]).
Contrary to the petitioner’s contention, he had adequate notice of the charges against him. The petitioner received the misbehavior report and assistance thereafter, in accordance with 7 NYCRR 254.6, and was further given the opportunity to adequately respond to the charges against him at a disciplinary hearing. The fact that the misbehavior report referenced March 22, 2010, as the incident date, and that this date did not coincide with any direct act performed by the petitioner, is of no consequence, as that date was within the time frame of an ongoing investigation into the petitioner’s alleged involvement in a conspiracy to smuggle marijuana into the correctional facility (see Matter of Williams v Fischer, 93 AD3d 1051, 1052 [2012]). Further, inasmuch as the misbehavior report resulted from an ongoing investigation and was based upon confidential information, the misbehavior report was sufficiently clear and detailed to afford the petitioner the opportunity to prepare a defense (see Matter of Taylor v Fischer, 74 AD3d 1677 [2010]).
Contrary to the petitioner’s contention, the hearing officer *522 did not err in refusing to allow him to review the confidential information that had been reviewed by her in camera (see Matter of Abdur-Raheem v Mann, 85 NY2d at 122; Matter of Wiederhold v Scully, 141 AD2d 550 [1988]). Additionally, the hearing officer properly notified the petitioner during the hearing that she was going to consider confidential information and informed him of the reason that the information could not be disclosed (see Matter of Perez v Coombe, 224 AD2d 1035 [1996]; cf. Matter of Tolliver v Fischer, 68 AD3d 884, 886 [2009]).
Contrary to the petitioner’s contention, there is no evidence in the record that the hearing officer was biased against him (see Matter of Rippy v Selsky, 57 AD3d at 907; Matter of Cepeda v Goord, 39 AD3d 640, 641 [2007]). Rivera, J.P., Florio, Eng and Cohen, JJ., concur.