■ In the Matter of ROGER S. ROTH, Petitioner, v TOWN OF NEWBURGH et al., Respondents. [16 NYS3d 781]—Proceeding pursuant to CPLR article 78 to review a determination of the Town of Newburgh dated September 13, 2013, which adopted the findings and recommendations of a hearing officer dated September 9, 2013, made after a hearing pursuant to Public Officers Law § 30 (1) (e), denying the petitioner's application for reinstatement to his position as a police officer, which was transferred to this Court by an order of the Supreme Court, Orange County (Bartlett, J.), dated February 26, 2014.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Public Officers Law § 30 (1) (e) is a self-executing statute which provides that a public office is deemed vacant upon a public officer's "conviction of a felony, or a crime involving a violation of his oath of office" (*see Matter of Feola v Carroll*, 10 NY3d 569 [2008]; *Matter of Duffy v Ward*, 81 NY2d 127 [1993]; *De Paulo v City of Albany*, 49 NY2d 994 [1980]). In the case of a non-elected official, he or she "may apply for reinstatement to the appointing authority upon reversal or the vacating of such conviction where the conviction is the sole basis for the vacancy," and, after receipt of an application for reinstatement, "the appointing authority shall afford such applicant a hearing to determine whether reinstatement is warranted" (Public Officers Law § 30 [1] [e]).

Contrary to the petitioner's contention, the determination of the Town of Newburgh to adopt the findings and recommendations of the hearing officer to deny his application for reinstatement to his position as a police officer was supported by substantial evidence in the record (*see Matter of Pantina-Bott v Incorporated Vil. of Freeport*, 29 AD3d 592 [2006]; *Matter of Toth v Nassau County Police Dept.*, 302 AD2d 600 [2003]; *Matter of Saporita v Brown*, 180 AD2d 597 [1992]).

Accordingly, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.