■ In the Matter of CHRISTIAN URENA, Petitioner, v ANTHONY ANNUCCI, Respondent. [19 NYS3d 775]—

Proceeding pursuant to CPLR article 78 to review a determination of Donald Venettozzi, the Acting Director of the Special Housing/Inmate Disciplinary Program, on behalf of Anthony Annucci, the Acting Commissioner of the Department of Corrections and Community Supervision, dated February 19, 2013, which affirmed a determination of a hearing officer dated December 14, 2012, made after a tier III disciplinary hearing, that the petitioner was guilty of violating prison disciplinary rules 113.10, 114.10, and 105.13 (7 NYCRR 270.2 [B] [14] [i]; [15] [i]; [6] [iv]).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Following a disciplinary hearing, the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was found guilty of violating prison disciplinary rules 113.10, 114.10, and 105.13 (7 NYCRR 270.2 [B] [14] [i]; [15] [i]; [6] [iv]). Upon the respondent's affirmance of the hearing officer's determination, the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that determination.

By order dated March 17, 2014, the Supreme Court, Dutchess County, transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the Supreme Court should have disposed of this proceeding by addressing the petitioner's argument that the determination was affected by an error of law, specifically, that it was rendered in violation of due process requirements (see CPLR 7804 [g]), since the full record is now before us, we will decide the proceeding on the merits in the interest of judicial economy (see Matter of Tolliver v Fischer, 68 AD3d 884, 885 [2009]).

Contrary to the petitioner's contention, the determination was not rendered in violation of his due process rights. The first of the two misbehavior reports that were the basis of the disciplinary determinations here was sufficiently specific to apprise him of the charges against him so as to enable him to prepare an adequate defense (see Matter of Toro v Fischer, 104 AD3d 1036, 1037 [2013]; see also Matter of Berkoviz v Lee, 102 AD3d 866, 867 [2013]), and the petitioner's remaining contentions alleging lack of due process are without merit.

The two misbehavior reports and the hearing testimony provided substantial evidence to support the hearing officer's

determination that the petitioner violated the subject prison disciplinary rules (*see Matter of Berkoviz v Lee*, 102 AD3d 866, 867 [2013]; *Matter of Topsy v Venettozzi*, 98 AD3d 520, 521 [2012]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.