■ In the Matter of RAYNELL BURGESS, Petitioner, v JOSEPH BELLNIER, Chief Commissioner of the Department of Corrections and Community Supervision, Respondent. [31 NYS3d 89]— Proceeding pursuant to CPLR article 78 to review a determination of Albert Prack, the Director of the Special Housing/Inmate Disciplinary Program, on behalf of Joseph Bellnier, the Chief Commissioner of the Department of Corrections and Community Supervision, dated July 2, 2014, which affirmed a determination of a hearing officer dated April 16, 2014, made after a tier III disciplinary hearing, that the petitioner was guilty of violating certain Institutional Rules of Conduct (*see* 7 NYCRR 270.2 *et seq.*), and imposed a penalty.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Following a disciplinary hearing, a hearing officer found the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, guilty

of violating certain Institutional Rules of Conduct (*see* 7 NYCRR 270.2 *et seq.*). The respondent affirmed the hearing officer's determination and imposed a penalty. The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the respondent's determination.

By order dated February 20, 2015, the Supreme Court, Dutchess County, transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the Supreme Court should have disposed of this proceeding by addressing the petitioner's argument that the determination was affected by an error of law, specifically, that it was rendered in violation of due process requirements (*see* CPLR 7804 [g]), since the full record is now before us, we will decide the proceeding on the merits in the interest of judicial economy (*see Matter of Urena v Annucci*, 134 AD3d 727, 728 [2015]; *Matter of Tolliver v Fischer*, 68 AD3d 884, 885 [2009]).

Contrary to the petitioner's contention, he was not deprived of his right to due process by the hearing officer's denial of his request to call another inmate and the watch commander as additional witnesses. The testimony sought from these witnesses was redundant to the testimony from prior witnesses and irrevelant to the charges, and the denial is not a basis upon which to annul the determination (*see* 7 NYCRR 254.5 [a]; *Matter of Thomas v Bennett*, 271 AD2d 768, 768 [2000]; *Matter of Torres v Goord*, 264 AD2d 871 [1999]; *cf. Matter of Benito v Calero*, 102 AD3d 778, 780 [2013]). The petitioner's remaining contentions alleging lack of due process also are without merit.

The two misbehavior reports and the hearing testimony provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject prison disciplinary rules (*see Matter of Urena v Annucci*, 134 AD3d at 728-729; *Matter of Berkoviz v Lee*, 102 AD3d 866, 867 [2013]; *Matter of Topsy v Venettozzi*, 98 AD3d 520, 521 [2012]). Rivera, J.P., Leventhal, Dickerson and Miller, JJ., concur.