## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  May 12, 2016                    521707
_____

In the Matter of DONALD
    HOLLMANN,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

DEPARTMENT OF CORRECTIONS AND
    COMMUNITY SUPERVISION,
                        Respondent.
_____

Calendar Date:   March 29, 2016

Before:   Peters, P.J., Lahtinen, Rose, Clark and Aarons, JJ.

                        _____

        Donald Hollmann, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with committing an unhygienic act, smuggling and violating facility correspondence procedures after a correction officer found a cutoff finger tip of a latex glove containing an unidentified liquid substance in a letter addressed to petitioner's girlfriend.  Following a tier III disciplinary hearing, petitioner was found guilty as charged and this determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

Initially, respondent concedes, and we agree, that substantial evidence does not support that part of the determination finding petitioner guilty of committing an unhygienic act.  Accordingly, the determination of guilt with respect to that charge must be annulled.  Given that petitioner has already served the penalty and no loss of good time was imposed, we need not remit the matter for a redetermination of the penalty (see Matter of Edwards v Annucci, 131 AD3d 770, 770 [2015]; Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]).

Turning to the remaining charges, the misbehavior report and related documentation, together with the testimony of the correction officer who discovered the letter, provide substantial evidence to support the determination of guilt (see Matter of Rosales v Prack, 112 AD3d 1025, 1026 [2013], lv denied 22 NY3d 865 [2014]; Matter of Wright v Goord, 19 AD3d 855, 855 [2005], lv denied 5 NY3d 711 [2005]).  Contrary to petitioner's contention, the fact that the liquid contained in the latex glove was never identified does not preclude a finding of guilt regarding the smuggling charge, inasmuch as smuggling or attempting to smuggle "any item in or out of the facility" is prohibited (7 NYCRR 270.2 [B] [15] [i]; see Matter of Shakoor v Coughlin, 165 AD2d 917, 918 [1990], appeal dismissed 77 NY2d 866 [1991]).

Peters, P.J., Lahtinen, Rose, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of committing an unhygienic act; petition granted to that extent and the Commissioner of Corrections and Community Supervision is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court