Matter of Charles v Rockland County Sheriff (2018 NY Slip Op 00137)





Matter of Charles v Rockland County Sheriff


2018 NY Slip Op 00137


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-07118
 (Index No. 2075/15)

[*1]In the Matter of Johnnie Charles, petitioner,
v
Rockland County Sheriff, et al., respondents.


Johnnie Charles, Beacon, NY, petitioner pro se.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Captain John C. Liska dated July 28, 2015, which affirmed a determination of a civilian disciplinary hearing panel, made after a disciplinary hearing, finding the petitioner guilty of the charges of "unhygienic acts towards other inmates," "causing unrest in housing unit," "failure to comply with a direct order," "reckless eyeballing or intimidate by staring," "conduct which causes a disturbance," and "being found guilty of [three] or more class C infractions," and imposing a penalty.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination dated July 28, 2015, as affirmed the finding that the petitioner was guilty of the charge of "unhygienic acts towards other inmates" is annulled, that charge is dismissed, the respondents are directed to expunge all references to that finding from the petitioner's institutional record, the petition is otherwise denied, the determination dated July 28, 2015, is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
On June 24, 2015, the petitioner, an inmate at the Rockland County Correctional Facility, returned to the housing unit after having a tooth extracted. A correction officer observed the petitioner spit blood into a garbage can within the housing unit, and the officer directed the petitioner to remove the garbage bag. The petitioner complied with the officer's direction to remove the garbage bag, but thereafter, the petitioner, among other things, repeatedly refused the officer's direction to return to his cell. The petitioner was charged with several infractions, including "unhygienic acts towards other inmates," "causing unrest in housing unit," "failure to comply with a direct order," "reckless eyeballing or intimidate by staring," "conduct which causes a disturbance," and "being found guilty of [three] or more class C infractions."
Following a disciplinary hearing, a civilian disciplinary hearing panel found the petitioner guilty of the charges and imposed a penalty. On July 28, 2015, the hearing panel's determination was affirmed upon administrative appeal. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. In an order entered July 1, 2016, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Prior to transferring the proceeding to this Court for consideration of whether the determination was supported by substantial evidence, the Supreme Court should have addressed the petitioner's contentions that the determination was rendered in violation of his due process rights, as those objections, if established, could have terminated the proceeding (see Matter of Sellers v [*2]Stanford, 144 AD3d 691, 691-692; Matter of Burgess v Bellnier, 138 AD3d 989, 990). However, since the full record is now before this Court, we will decide the entire proceeding on the merits in the interest of judicial economy (see Matter of Sellers v Stanford, 144 AD3d at 692; Matter of Burgess v Bellnier, 138 AD3d at 990; Matter of Vaughn v Orlando, 79 AD3d 1048, 1049).
Contrary to the petitioner's contention, there is no evidence in this record that he was denied his right to call witnesses at the disciplinary hearing (see Matter of Mabry v Maddox, 57 AD3d 1000). The petitioner's remaining contentions regarding lack of due process are likewise without merit (see Matter of Fisher v Garvey, 214 AD2d 564, 565; see also Matter of Burgess v Bellnier, 138 AD3d at 990).
"A prison disciplinary determination made as a result of a hearing at which evidence was taken pursuant to direction by law must be supported by substantial evidence" (Matter of Adamson v Barto, 37 AD3d 597, 598; see CPLR 7803[4]; Matter of Farooq v Fischer, 99 AD3d 709, 711). "[S]ubstantial evidence . . . means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Jackson v Gerbing, 150 AD3d 734, 736). Here, the evidence was insufficient to support the charge alleging that the petitioner committed unhygienic acts toward other inmates. However, the hearing panel's determination that the petitioner was guilty of the remaining charges was supported by substantial evidence in the record (see Matter of Jackson v Gerbing, 150 AD3d at 736; Matter of Phillips v Lee, 115 AD3d 957).
Inasmuch as the petitioner has already served the penalty and there was no recommended loss of good-time credit, the matter need not be remitted to the respondents for a redetermination of the penalty insofar as it relates to the charges which have been sustained (see Matter of Hollmann v Department of Corr. & Community Supervision, 139 AD3d 1225; Matter of Farooq v Fischer, 99 AD3d at 711; Matter of Maybanks v Goord, 306 AD2d 839, 840).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court