Matter of Almodovar v Griffin (2018 NY Slip Op 01462)





Matter of Almodovar v Griffin


2018 NY Slip Op 01462


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10240
 (Index No. 1150/15)

[*1]In the Matter of William Almodovar, petitioner,
v
Thomas Griffin, etc., respondent.


William Almodovar, Stormville, NY, petitioner pro se.
Eric T. Schneiderman, Attorney General, New York, NY (Andrew W. Amend and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Superintendent of the Green Haven Correctional Facility dated December 2, 2014, which affirmed a determination of a hearing officer dated November 23, 2014, made after a tier II disciplinary hearing, that the petitioner was guilty of violating Institutional Rules of Conduct rule 118.30 (7 NYCRR 270.2[B][19][viii]) and imposed penalties.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Following a disciplinary hearing, the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was found guilty of violating Institutional Rules of Conduct rule 118.30 (7 NYCRR 270.2[B][19][viii]). Upon the respondent's affirmance of the hearing officer's determination, the petitioner commenced this proceeding pursuant to CPLR article 78 to challenge that determination.
By order dated October 1, 2015, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g). Although the Supreme Court should have disposed of this proceeding by addressing the petitioner's argument that the determination was affected by an error of law, specifically, that it was rendered in violation of due process requirements (see CPLR 7804[g]), since the full record is now before this Court, we will decide the proceeding on the merits in the interest of judicial economy (see Matter of Burgess v Bellnier, 138 AD3d 989, 990; Matter of Urena v Annucci, 134 AD3d 727, 728).
Contrary to the petitioner's contention, he was not deprived of his due process rights to a fair and impartial hearing, nor was there evidence that his guilt and penalty were predetermined. "The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer" (Matter of Phillips v Lee, 115 AD3d 957, 958; see Matter of Harris v Kaplin, 102 AD3d 692, 693).
The misbehavior report and the petitioner's testimony provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject disciplinary rule (see Matter of Burgess v Bellnier, 138 AD3d at 990; Matter of Berkoviz v Lee, 102 AD3d 866, 867; Matter of Adamson v Barto, 37 AD3d 597, 598; Matter of Wheeler v Commissioner of N.Y. State Correctional Servs., 17 AD3d 378, 378).
The petitioner's remaining contentions are unpreserved for review because the petitioner failed to raise them at the hearing or on his administrative appeal (see Matter of Cepeda v Goord, 39 AD3d 640, 641; Matter of Royster v Goord, 26 AD3d 503, 505).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court