Matter of Cole v Griffin (2018 NY Slip Op 08645)





Matter of Cole v Griffin


2018 NY Slip Op 08645


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-08334
 (Index No. 234/16)

[*1]In the Matter of Roger Cole, petitioner, 
v
Thomas Griffin, etc., respondent.


Roger Cole, Wallkill, NY, petitioner pro se.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated December 29, 2015. The determination affirmed a determination of a hearing officer dated December 24, 2015, made after a tier II disciplinary hearing, finding that the petitioner was guilty of violating Institutional Rules of Conduct rules 114.10 and 116.13 (7 NYCRR 270.2[B][15][i]; [17][iv]), and imposing a penalty.
ADJUDGED that the determination dated December 29, 2015, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Following a tier II disciplinary hearing, a hearing officer determined that the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was guilty of violating Institutional Rules of Conduct rules 114.10 and 116.13 (7 NYCRR 270.2[B][15][i]; [17][iv]). The petitioner appealed to the respondent, who affirmed the hearing officer's determination. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination.
The misbehavior report and the hearing testimony provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject prison disciplinary rules (see Matter of Burgess v Bellnier, 138 AD3d 989, 990; Matter of Urena v Annucci, 134 AD3d 727, 728-729; Matter of Berkoviz v Lee, 102 AD3d 866, 867).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court