Matter of Stanley v Venettozzi (2019 NY Slip Op 06183)





Matter of Stanley v Venettozzi


2019 NY Slip Op 06183


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11753
 (Index No. 141/17)

[*1]In the Matter of Jules Stanley, petitioner,
v
Donald Venettozzi, etc., respondent.


Jules Stanley, Attica, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Donald Venettozzi, Director of Special Housing/Inmate Disciplinary Program, on behalf of Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision, dated June 7, 2016. The determination affirmed the determination of a hearing officer dated May 12, 2016, made after a tier III disciplinary hearing, finding the petitioner guilty of violating certain provisions of the Institutional Rules of Conduct, and imposing penalties.
ADJUDGED that the determination dated June 7, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
Following a tier III disciplinary hearing, a hearing officer determined that the petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, was guilty of violating Institutional Rules of Conduct rules 100.13, 100.15, and 104.13 (7 NYCRR 270.2[B][1][iv]; [vi]; [5][iv]), based on his act of fighting with another inmate. The petitioner appealed to the respondent, who affirmed the hearing officer's determination. Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the respondent's determination. In an order dated June 12, 2017, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The misbehavior report and the hearing testimony provided substantial evidence to support the hearing officer's determination that the petitioner violated the subject prison disciplinary rules (see Matter of Cole v Griffin, 167 AD3d 875, 876; Matter of Striplin v Griffin, 164 AD3d 1347, 1348; Matter of Burgess v Bellnier, 138 AD3d 989, 990). Contrary to the petitioner's contention, his right to present evidence pursuant to 7 NYCRR 254.6(a)(3) was not violated. With respect to the photographs the petitioner sought to introduce at the hearing, the record reflects that they were considered by the hearing officer. With respect to the medical records and the Special Housing Unit Admission Sheet, the petitioner never sought to introduce those documents into evidence.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court